[Cite as *State v. Moore*, 2015-Ohio-4182.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102400**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHRISTOPHER MOORE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-583768-A

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 8, 2015

**ATTORNEY FOR APPELLANT**

Joseph E. Feighan, III
14516 Detroit Avenue
Lakewood, Ohio 44107

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Margaret A. Troia
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Christopher Moore, appeals his conviction for rape and gross sexual imposition. Finding no merit to the appeal, we affirm.

{¶2} Moore was named in a six-count indictment charging him with two counts of rape and kidnapping, and one count of domestic violence and intimidation of a crime victim or witness. Four of the counts contained sexually violent predator specifications, and both rape counts were punishable by a life sentence because the victim was less than thirteen years of age.

{¶3} Moore pleaded guilty to an amended first-degree felony count of rape and an amended third-degree felony count of gross sexual imposition. The remaining counts were dismissed. After obtaining a presentence investigation report and merging the two counts for sentencing, the trial court ordered Moore to serve ten years in prison on the amended rape count.

{¶4} Moore now appeals, raising as his sole assignment of error that the trial court failed to properly advise him pursuant to Crim.R. 11(C)(2)(a) of the maximum penalty involved at the time of his plea. Specifically, Moore contends that the trial court committed reversible error when it incorrectly informed him that his guilty plea to a felony of the first degree would result in a possible prison term of three to eleven months.

{¶5} Under Crim.R. 11(C)(2), before accepting a guilty plea, a trial court must address the defendant personally and determine that he is making the plea voluntarily

"with understanding of the nature of the charges and the maximum penalty involved." A trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

{¶6} However, as to the nonconstitutional advisements under Crim.R. 11, such as a defendant's right to be informed at the plea hearing of the maximum possible penalty that could be imposed upon conviction, strict compliance is strongly preferred, but not required. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Thus, a defendant's plea will not be vacated on this basis so long as a trial court has substantially complied with the rule. *Id.*

{¶7} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id*. "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger*, 105 Ohio App.3d 567, 572, 664 N.E.2d 959 (4th Dist.1995).

{¶8} Furthermore, "[a] defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue." *Veney* at ¶ 17. The test for prejudice is whether the plea would have otherwise been made. *Nero* at 108.

**{¶9}** In this case, we find that the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11. We recognize that the trial court misstated that the penalty for rape, a first-degree felony, was three to eleven *months* instead of years. However, the state questioned the court about the misstatement, and the court quickly corrected its mistake by advising Moore that the penalty for the rape offense was three to eleven *years*. After the correction, the trial court made certain that the corrected penalty did not change anything for Moore concerning his guilty plea. Moore specifically stated that it did not. This immediate correction and Moore's answer to the trial court's pertinent question demonstrates that Moore understood the potential maximum penalty he faced for the first-degree felony rape charge. Therefore, we find that the trial court substantially complied with the nonconstitutional advisements and that Moore entered a knowing, voluntary, and intelligent plea.

**{¶10}** Additionally, Moore has failed to demonstrate that he was prejudiced by this initial misstatement, such that he would not have entered the plea. Had Moore truly believed that he was only facing three to eleven months for the first-degree felony, he could have moved to withdraw his plea prior to sentencing, which was conducted on a subsequent date. Moore's failure to try to withdraw his plea prior to sentencing, confirms that he was fully apprised of the potential penalties he was facing as a result of the plea. Therefore, we can infer that Moore only seeks to withdraw his plea now based on a change of heart, which is not an appropriate basis to withdraw an otherwise knowing, voluntary, and intelligent plea. *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, ¶

7, citing *State v. Drake*, 73 Ohio App.3d 640, 645, 598 N.E.2d 115 (8th Dist.1991) (mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea). The assignment of error is overruled.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., CONCURS;
EILEEN A. GALLAGHER, J., CONCURS (WITH SEPARATE OPINION)

EILEEN A. GALLAGHER, J., CONCURRING WITH SEPARATE OPINION:

**{¶12}** I concur with the decision and opinion of the majority but I do not believe that there was any reasonable grounds for this appeal.

**{¶13}** The trial court, during the plea colloquy, mistakenly advised the appellant that the possible penalties for Count 1 as amended were three to eleven months prior to the

entry of a plea. However, the court corrected itself after an advisement by the prosecutor

of the inadvertent mistake, advised the appellant:

> Three to eleven years. Did I say months? It's three, four, five, six, seven, eight, nine, ten or eleven years. Does that change anything for you?   To that query, appellant replied "no."

> **{¶14}** I would then find that this was a frivolous appeal.