FRANK D. CELEBREZZE, JR., J.:
{¶ 1} Defendant-appellant, Michael Delp ("appellant"), filed a notice of appeal from two criminal cases, Cuyahoga C.P. Nos. CR-15-599103-B and CR-15-595152-B. In CR-15-595152-B, because the trial court improperly imposed a single prison sentence for multiple convictions, we remand the case for de novo resentencing on each count. In CR-15-599103-B, after thoroughly reviewing the record and law, we affirm appellant's convictions and sentence for burglary and assault.
I. Factual and Procedural History
{¶ 2} In CR-15-595152-B, appellant pled guilty to two fifth-degree felony counts of drug possession in August 2015. The trial court sentenced appellant to a blanket prison sentence of nine months.
{¶ 3} In CR-15-599103-B, the Cuyahoga County Grand Jury returned a *1197 three-count indictment in October 2015 charging appellant and his two codefendants, Chelsey Mounts and Julio Smith, with (1) aggravated burglary, a first-degree felony in violation of R.C. 2911.11(A)(1) ; (2) felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1) ; and (3) felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1). Counts 1 and 3 pertained to victim T.C. Count 2 pertained to victim C.F. Appellant was arraigned on November 3, 2015. He pled not guilty to the indictment.
{¶ 4} The parties reached a plea agreement. The state amended Count 1 to burglary, a third-degree felony in violation of R.C. 2911.12(A)(3). The state amended Count 2 to assault, a first-degree misdemeanor in violation of R.C. 2903.13. On February 8, 2016, appellant and his codefendants pled guilty to Counts 1 and 2 as amended. Count 3 was nolled. The trial court accepted appellant's guilty plea, referred appellant to the probation department for a presentence investigation report ("PSI"), and set the matter for sentencing.
{¶ 5} The trial court held a sentencing hearing on March 17, 2016. The trial court sentenced appellant to a prison term of three years on Count 1 and a prison term of six months on Count 2. The trial court ordered the counts to run concurrently to one another and concurrently to appellant's sentence in CR-15-595152-B.
{¶ 6} On February 15, 2017, appellant, acting pro se, filed the instant appeal challenging the trial court's judgment. He assigns two errors for review:
I. The trial court erred to the prejudice of the [a]ppellant in accepting a guilty plea, which was not voluntarily or knowingly [sic], in violation of [a]ppellant's due process rights under the [Fifth] Amendment of the United States Constitution, Article I, Section 16 of the Ohio Constitution, and Ohio Criminal Rule 11 when actual innocence was lodged by [a]ppellant at sentencing via joint agreement.
II. [The] [t]rial [c]ourt erred by imposing [a] maximum sentence on [appellant], via joint agreement.
II. Law and Analysis
{¶ 7} As an initial matter, as noted above, appellant listed both CR-15-599103-B and CR-15-595152-B in his notice of appeal. The trial court's sentencing entry in CR-15-595152-B provides, in relevant part, "the court imposes a prison sentence at the Lorain Correctional Institution of 9 month(s)." Although appellant pled guilty to two counts of drug possession, the trial court did not sentence appellant on both counts. Accordingly, the trial court's sentence in CR-15-595152-B is not a final appealable order. See State v. Dumas , 8th Dist. Cuyahoga No. 95760, 2011-Ohio-2926, 2011 WL 2436601, ¶ 15 (the trial court's order of sentence does not constitute a final appealable order because the trial court imposed a single sentence for both of the defendant-appellant's convictions). The remedy is to remand the matter to the trial court for a de novo resentencing on each count individually. See State v. Lynch , 8th Dist. Cuyahoga No. 104200, 2016-Ohio-7721, 2016 WL 6671810, ¶ 6, citing State v. Blair , 8th Dist. Cuyahoga No. 102548, 2015-Ohio-5416, 2015 WL 9438306, ¶ 13-14.
{¶ 8} We shall proceed to review appellant's arguments challenging his guilty plea and the trial court's sentence in CR-15-599103-B.
A. Guilty Plea
{¶ 9} In his first assignment of error, appellant argues that his guilty plea was not knowingly, intelligently, and voluntarily entered.
*1198 {¶ 10} A defendant's guilty plea must be made knowingly, intelligently, and voluntarily, and "[f]ailure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." State v. Engle , 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). In order to ensure that a plea is entered knowingly, intelligently, and voluntarily, Crim.R. 11(C) requires the trial judge to determine whether the criminal defendant is fully informed of his or her rights, both constitutional and nonconstitutional. The court must also confirm that the defendant understands the consequences of his plea before accepting a guilty plea. Id.
{¶ 11} Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:
(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
{¶ 12} Trial courts must strictly comply with the requirements related to the waiver of constitutional rights under Crim.R. 11(C)(2)(c) in conducting plea colloquies. These include the right to a jury trial, the right of confrontation, and the privilege against self-incrimination. Boykin v. Alabama , 395 U.S. 238, 243-244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "Strict compliance does not require an exact recitation of the precise language of the rule, but instead focuses on whether the trial court explained or referred to the right in a manner reasonably intelligent to that defendant." State v. Schmick , 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, 2011 WL 1797234, ¶ 8. A trial court's failure to inform a defendant of any right in Crim.R. 11(C)(2)(c) invalidates the plea. State v. Veney , 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 1.
{¶ 13} Substantial compliance with Crim.R. 11(C) is sufficient when waiving nonconstitutional rights. State v. Nero , 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). The nonconstitutional rights that a defendant must be informed of are the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim.R. 11(C)(2)(a) and (b). Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Nero at 108, 564 N.E.2d 474.
{¶ 14} In the instant matter, appellant argues that his guilty plea was not knowingly, intelligently, and voluntarily entered based on the following three grounds: (1)
*1199 incorrect advice from his trial counsel, (2) misstatements by the trial court during the change of plea hearing, and (3) the trial court interrupted him during the change of plea hearing.
{¶ 15} First, appellant argues that his guilty plea was premised on incorrect legal advice from his trial counsel regarding the maximum sentence for the burglary count. The "incorrect legal advice" to which appellant is referring was a statement his counsel made during the March 17, 2016 sentencing hearing-more than one month after appellant entered his guilty plea.
{¶ 16} During the sentencing hearing, appellant's counsel stated, "I know you have a range here on the felony of the third degree, all the way up to 30 months on the high end and all the way down to a community-controlled sanction on the low end[.]" (Tr. 12-13.) Pursuant to R.C. 2929.14(A)(3)(b), however, the maximum sentence for a felony of the third degree is a prison term of 36 months.
{¶ 17} We cannot say that counsel's misstatement during the sentencing hearing affected the knowing, voluntary, and intelligent nature of the guilty plea that appellant entered more than one month earlier. Aside from highlighting counsel's misstatement at the sentencing hearing, appellant does not allege that his trial counsel gave inaccurate legal advice before or at the time he entered the plea, nor that counsel provided ineffective assistance.
{¶ 18} During the change of plea hearing, the trial court accurately advised appellant that the burglary count "carr[ied] with it a potential prison sentence of anywhere from nine, 12, 18, 24, 30, or 36 months in prison[.]" (Tr. 8.)
{¶ 19} Second, appellant argues that his plea was not knowingly, intelligently, and voluntarily entered based on the trial court's misstatements during the change of plea hearing. Appellant argues that the trial court misstated that the burglary count was a felony of the fourth degree during the change of plea hearing. The nature of the charges and the maximum penalty involved are nonconstitutional advisements.
{¶ 20} In advising appellant of the maximum penalty he faced by pleading guilty, the trial court explained:
Through this agreement, the plea which you're agreeing to plead guilty to has been reduced to a felony of the fourth degree , punishable by a possible community control sanctions supervised by the probation department. It does carry with it a potential prison sentence of anywhere from nine, 12, 18, 24, 30, or 36 months in prison[.]"
(Emphasis added.) (Tr. 8.) After review, we recognize that the trial court misstated that the amended burglary count was a fourth-degree rather than a third-degree felony. Despite this misstatement, the trial court correctly advised appellant about the maximum penalty for the burglary offense. Furthermore, when the trial court took appellant's plea, it correctly identified the burglary count as a felony of the third degree:
THE COURT: Mr. Delp, how do you plead to the now-amended charge of burglary, a felony of the third degree as it pertains to the September 1st allegation of last year, as well the misdemeanor assault; the alleged victims are [T.C.] and [C.F.], how do you plead?
APPELLANT: Guilty.
(Emphasis added.) (Tr. 9.)
{¶ 21} Aside from the trial court's isolated misstatement, the record reflects that both the prosecutor and defense counsel confirmed that appellant would be pleading guilty to a third-degree felony burglary count. (Tr. 4.)
*1200 {¶ 22} Accordingly, we find that the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11. Furthermore, appellant has failed to demonstrate prejudice-that he would not have pled guilty but for the trial court's isolated misstatement. Appellant did not attempt to withdraw his guilty plea before sentencing, which was conducted more than one month after the change of plea hearing, confirming that he was, in fact, fully apprised of the nature of the burglary charge and the maximum penalty he was facing under the plea. See State v. Moore , 8th Dist. Cuyahoga No. 102400, 2015-Ohio-4182, 2015 WL 5864786, ¶ 10.
{¶ 23} Appellant further argues that the trial court misstated that C.F. was a victim. He contends that the court's reference to victim C.F. was improper because C.F. "was nullified from all counts[.]" Appellant's brief at 5. Appellant's argument is misplaced.
{¶ 24} C.F. was the named victim in Count 2 of the indictment. Although Count 2 was amended from a second-degree felony to a first-degree misdemeanor under the parties' plea agreement, there were no amendments to the victim's name. Accordingly, the trial court's reference to C.F. during the change of plea hearing was not a misstatement.
{¶ 25} Third, appellant argues that his guilty plea was not knowingly, intelligently, and voluntarily entered because the trial court interrupted him and cut him off when he began to explain why he pled guilty rather than proceeding to trial. The colloquy to which appellant is referring occurred during the sentencing hearing, not the change of plea hearing.
{¶ 26} During the sentencing hearing, victim T.C. addressed the trial court. Thereafter, appellant challenged T.C.'s statement, referring to her as a "compulsive liar," accusing her of lying about the incident that resulted in the burglary and assault charges, and insisting that the case was "blown out of proportion." The trial court recognized that appellant's statement was completely contrary to the guilty plea that he previously entered, and inquired as to why appellant pled guilty rather than proceeding to trial. Appellant explained why he chose to enter the plea: "I didn't know who [the court] was going to believe, and people were scaring me, telling me that I would have got the max, like if I'd lost that trial I'd have got the max[.]" (Tr. 19.)
{¶ 27} This exchange between appellant and the trial court occurred after the change of plea hearing, and thus did not affect the knowing, intelligent, and voluntary nature of appellant's guilty plea. After appellant knowingly, intelligently, and voluntarily pled guilty, he did not attempt to withdraw his guilty plea before sentencing. Appellant's statements during the sentencing hearing may have been based on a change of heart, which is not an appropriate basis to withdraw an otherwise valid plea. See Moore , 8th Dist. Cuyahoga No. 102400, 2015-Ohio-4182, 2015 WL 5864786, at ¶ 10.
{¶ 28} For all of the foregoing reasons, we find that the trial court complied with Crim.R. 11 in ensuring that appellant's guilty plea was knowingly, intelligently, and voluntarily entered. During the change of plea hearing, the trial court confirmed that appellant was not under the influence of any alcohol, drugs, or medication that would affect his ability to understand the proceedings. The trial court thoroughly reviewed the constitutional rights that appellant was waiving and made sure that he understood that he was waiving these rights by pleading guilty. The trial court reviewed the nature of the charges with appellant, as well as the maximum penalty involved with each charge.
*1201 {¶ 29} After reviewing the constitutional rights that appellant was waiving, the nature of the charges, and the maximum penalties for each charge, the trial court confirmed that appellant understood the court's advisements. Appellant indicated that he understood the court's advisements.
{¶ 30} The record reflects that under the totality of the circumstances, appellant understood both the constitutional and nonconstitutional rights that he was waiving by pleading guilty. Accordingly, appellant's first assignment of error is overruled.
B. Trial Court's Sentence
{¶ 31} In his second assignment of error, appellant argues that the trial court erred by imposing a maximum sentence on his burglary conviction.
{¶ 32} This court reviews felony sentences under the standard set forth in R.C. 2953.08(G)(2). State v. Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. State v. Martin , 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, 2017 WL 121774, ¶ 7. A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. State v. Hinton , 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, 2015 WL 7571481, ¶ 10, citing State v. Smith , 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, 2014 WL 1408284, ¶ 13.
{¶ 33} In the instant matter, appellant argues that the trial court's maximum sentence is clearly and convincingly contrary to law because the court "considered an incorrect fact when deciding to impose the maximum sentence [.]" Appellant's brief at 8. He further contends that the maximum sentence is not supported by the record.
{¶ 34} Initially, we note that appellant references the September 30, 2015 sentencing hearing in CR-15-595152-B to support his challenge to the sentence imposed on March 17, 2016, in CR-15-599103-B. As noted above, the trial court's sentence in CR-15-595152-B is not a final appealable order, and our review in this appeal is limited to the issues pertaining to CR-15-599103-B. Accordingly, appellant's references to CR-15-595152-B are outside the scope of this appeal and will not be considered.
{¶ 35} Regarding the trial court's consideration of an "incorrect fact," appellant appears to be arguing that the trial court erred by considering a juvenile charge or adjudication of delinquency for burglary because the charge had been reduced to theft. We disagree.
{¶ 36} The trial court indicated that it received appellant's PSI and reviewed appellant's criminal history during the sentencing hearing:
I'm looking at your record that goes back from-starts in Juvenile Court as an unruly, then there's an escape, then 2010 disorderly conduct, and then another disorderly conduct, then another disorderly conduct, then a criminal trespass. Then it escalates in 2010 to aggravated burglary, intimidation of a crime victim or witness. Then it goes to receiving stolen property, then burglary again, then burglary in Juvenile Court , theft, then sales to underaged minors, and then drug possession.
*1202 (Emphasis added.) (Tr. 20.) The trial court did not specify whether appellant had been charged with or adjudicated delinquent of burglary as a juvenile-the court was simply reviewing the information in appellant's PSI when it referenced the juvenile burglary. Accordingly, the trial court did not err by considering that appellant was charged with burglary as a juvenile, even if the charge was subsequently amended.
{¶ 37} Additionally, appellant appears to argue that the trial court improperly considered that he was adjudicated unruly as a juvenile. He suggests that the trial court's consideration of his juvenile adjudications was improper because they are not criminal violations. Appellant's argument is misplaced.
{¶ 38} "Quite simply, a juvenile adjudication is not a conviction of a crime and should not be treated as one." State v. Hand , 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, ¶ 38. Accordingly, the Ohio Supreme Court has held that it "is a violation of due process to treat a juvenile adjudication as the equivalent of an adult conviction for purposes of enhancing a penalty for a later crime." (Emphasis added.) Id. at ¶ 1.
{¶ 39} R.C. 2929.12(D) and (E), however, provide that a sentencing court shall consider whether an offender had been adjudicated a delinquent child in determining whether the offender is likely to commit future crimes. Accordingly, the trial court's consideration of appellant's juvenile adjudications at sentencing was not improper.
{¶ 40} Finally, appellant argues that the trial court neither considered nor stated on the record that it considered the sentencing factors set forth in R.C. 2929.11 and 2929.12. Appellant's argument is misplaced and unsupported by the record.
{¶ 41} R.C. 2929.11 and 2929.12 are not fact-finding statutes, and a trial court is not required to make specific findings on the record regarding its consideration of those factors nor state its reasons for imposing a maximum sentence or a particular sentence within the statutory range. State v. Seith , 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, 2016 WL 7427232, ¶ 12, citing State v. Keith , 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, 2016 WL 4141260, ¶ 11.
A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12.
Seith at ¶ 12. This court has held that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. State v. Paulino , 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, 2017 WL 56411, ¶ 37.
{¶ 42} In the instant matter, the trial court's sentence for appellant's third-degree felony burglary conviction is within the permissible statutory range under R.C. 2929.14(A)(3)(b). The trial court's sentencing journal entry provides, in relevant part, "the court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Aside from the trial court's notation in its sentencing entry that it "considered all required factors of the law" including, specifically, R.C. 2929.11, the record reflects that the trial court did, in fact, consider both R.C. 2929.11 and 2929.12 when sentencing appellant.
{¶ 43} As noted above, the trial court considered appellant's PSI and his criminal history. The trial court considered the seriousness *1203 of appellant's conduct, emphasizing that "I consider going into someone's home and assaulting them probably one of the most serious crimes that can occur in society." (Tr. 20.)
{¶ 44} The trial court considered the impact appellant's actions had on the victim. The state explained the injuries that victim T.C. suffered during the incident: "she was diagnosed with neck pain, upper back pain, loss of consciousness, concussion and bruising[.] * * * she was attacked by three individuals. She was taken to the ground. She was punched while on the ground." (Tr. 13.) The trial court considered that appellant committed the burglary and assault offenses less than two weeks after he pled guilty in CR-15-595152-B, and that appellant failed to appear for sentencing in that case.
{¶ 45} Appellant argues that he showed remorse for his conduct. During the sentencing hearing, appellant stated, "I would like to apologize to the courts and apologize to the victim[.]" (Tr. 17.) Defense counsel stated that appellant was "very remorseful for his conduct in this case." (Tr. 12.)
{¶ 46} Appellant's statements at the sentencing hearing, however, reflect otherwise. As noted above, appellant disputed the victim's account of the incident, accused her of lying, and asserted that the incident was "blown out of proportion." These comments demonstrated a lack of accountability and remorse, and that appellant did not recognize the seriousness of his conduct.
{¶ 47} Based on the foregoing analysis, the trial court's maximum sentence on appellant's burglary conviction is not clearly and convincingly contrary to law. The trial court considered the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, and imposed a sentence within the permissible statutory range. Furthermore, the trial court's maximum sentence is supported by the record.
{¶ 48} Appellant's second assignment of error is overruled.
III. Conclusion
{¶ 49} After thoroughly reviewing the record in CR-15-599103-B, we find that appellant's guilty plea was knowingly, intelligently, and voluntarily entered, and appellant's sentence is not contrary to law.
{¶ 50} In CR-15-595152-B, the trial court improperly imposed a single prison sentence for multiple convictions. Accordingly, we remand that matter for de novo resentencing on each drug possession count.
{¶ 51} In Cuyahoga C.P. No. CR-15-599103-B, judgment is affirmed. In Cuyahoga C.P. No. CR-15-595152-B, case is remanded.
MARY EILEEN KILBANE, P.J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY