[Cite as *State v. Walton*, 2018-Ohio-1963.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 106103

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**KAREEM WALTON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-607989-A

**BEFORE:** Celebrezze, J., S. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 17, 2018

**ATTORNEY FOR APPELLANT**

Stephen L. Miles
20800 Center Ridge Road, Suite 405
Rocky River, Ohio 44116

**Also Listed**

Kareem Walton
Inmate No. A700960
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Blaise D. Thomas
        Kerry A. Sowul
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Kareem Walton ("appellant"), brings the instant appeal challenging his guilty plea and the sentence imposed by the trial court.   Appellant's attorney, pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967), filed a motion to withdraw as counsel and dismiss the appeal.   After a thorough examination of the record, we affirm the trial court's judgment and grant appointed counsel's motion to withdraw.

### I.   Factual and Procedural History

{¶2} The instant matter arose from a July 9, 2016 incident during which appellant crashed

his vehicle into a tree in the Glenville neighborhood on Cleveland's east side. Five victims were injured during the crash, and three of the five victims died from the injuries they sustained.

{¶3} On July 26, 2016, in Cuyahoga C.P. No. CR-16-607989-A, appellant was indicted with three counts of aggravated vehicular homicide, second-degree felonies in violation of R.C. 2903.06(A)(1)(a); three counts of aggravated vehicular homicide, third-degree felonies in violation of R.C. 2903.06(A)(2)(a); two counts of aggravated vehicular assault, third-degree felonies in violation of R.C. 2903.08(A)(1)(a); two counts of aggravated vehicular assault, fourth-degree felonies in violation of R.C. 2903.08(A)(2)(b); and driving under the influence of alcohol or drugs, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a).

{¶4} The parties reached a plea agreement. On June 13, 2017, appellant pled guilty to the indictment. Pursuant to the plea agreement, Counts 1, 2, and 3 would merge with Counts 4, 5, and 6 for sentencing purposes; Counts 7 and 8 would merge with Counts 9 and 10. Furthermore, the state agreed to advocate for a sentence that did not exceed 25 years in prison.

{¶5} On June 16, 2017, the trial court sentenced appellant to an aggregate 25-year prison term. The state elected to sentence appellant on Counts 1, 2, 3, 7, and 8. The trial court sentenced appellant to six years on Counts 1, 2, and 3; three years on Count 7; four years on Count 8; and time served on Count 11. The trial court ordered Counts 1, 2, 3, 7, and 8 to run consecutively. The trial court ordered appellant's 25-year prison sentence to run concurrently with his three-year prison sentence in Cuyahoga C.P. No. CR-16-607990-A.[1]

{¶6} On August 9, 2017, appellant, acting pro se, filed an appeal challenging the trial court's judgment and a motion for appointment of appellate counsel. On August 24, 2017, this

---

[1] There, appellant pled guilty to third-degree felony burglary, first-degree misdemeanor domestic violence, and first-degree misdemeanor endangering children.

court granted appellant's motion and appointed counsel to represent appellant.

{¶7} On December 3, 2017, appointed counsel filed an *Anders* brief and a motion for leave to withdraw as counsel. Therein, appointed counsel identified two potential issues to raise on appeal: (1) whether appellant knowingly, intelligently, and voluntarily pled guilty; and (2) did the trial court abuse its discretion in imposing consecutive sentences.[2] Counsel ultimately determined that proceeding with an appeal relating to appellant's guilty plea or the trial court's sentence would be frivolous.

{¶8} On December 4, 2017, this court held counsel's motion to withdraw in abeyance pending an independent review of the record. This court ordered appellant to file a pro se brief before January 18, 2018.

{¶9} Appellant filed a pro se appellate brief on February 20, 2018. Therein, he raised two assignments of error:

> I. The [s]tate breached the plea agreement it had entered into with [appellant] when, during sentencing, the [s]tate asked that the maximum consecutive sentence be imposed, in violation of [appellant's] Due Process protections under the Fourteenth Amendment to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.
>
> II. The trial court erred, and violated *Hand*, in using [appellant's] juvenile record in support of imposing greater than minimum sentences and in support of imposing consecutive sentences, in violation of his Due Process protections under the Fourteenth Amendment to the U.S. Constitution, and Article I, Section 10 of

---

[2] We recognize that in *State v. Grant*, 8th Dist. Cuyahoga No. 104918, 2018-Ohio-1759, this court held that this court cannot review the imposition of consecutive sentences where as part of a plea agreement, the defendant and the state agree to a jointly recommended sentencing range. We need not reach the issue of whether appellant could have appealed the trial court's imposition of consecutive sentences in this case. Counsel ultimately decided any appeal of that issue would be frivolous because the trial court made the necessary findings under R.C. 2929.14(C)(4) to impose consecutive sentences.

the Ohio Constitution.

{¶10} On March 13, 2018, this court granted the state an extension to file its answer brief and ordered the state to file its brief by April 11, 2018. The state filed its brief on April 11, 2018.

## II. Law and Analysis

{¶11} In *Anders* cases, we are charged with conducting an independent review of the record to determine

> whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant.

(Citation omitted.) *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7. An appeal is frivolous if it "presents issues lacking in arguable merit. * * * An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." (Citation omitted.) *Id.* at ¶ 8.

{¶12} We have examined and considered the potential arguments identified by appointed counsel regarding appellant's guilty plea and the trial court's imposition of consecutive sentences. Appellant's counsel submitted a brief outlining the trial court's compliance with Crim.R. 11 during the change of plea hearing and R.C. 2929.14(C)(4) during the sentencing hearing. Furthermore, we have conducted an independent review of the record from the change of plea and sentencing hearings to determine if any arguably meritorious issues exist. *Anders*, 386 U.S. at 744, 87 S.Ct.1396, 18 L.Ed.2d 493.

{¶13} Our independent review indicates that appellant pled guilty after a thorough plea colloquy. Additionally, the trial court made the appropriate consecutive sentence findings and

engaged in the analysis required under R.C. 2929.14(C)(4), and we cannot "clearly and convincingly" find that the record does not support the trial court's findings. Accordingly, we find no error nor any arguably meritorious issues regarding appellant's guilty plea or the sentence imposed by the trial court.

{¶14} We now turn to consider the arguments raised in appellant's pro se brief.

### A. Enforcement of Plea Agreement

{¶15} In his first assignment of error, appellant argues that his constitutional due process rights were violated when the state breached the parties' plea agreement during the sentencing hearing by asking the trial court to impose maximum consecutive sentences.

> A plea agreement is a contract between the state and a criminal defendant and is subject to contract-law principles. *State v. Butts*, 112 Ohio App.3d 683, 686, 679 N.E.2d 1170 (8th Dist.1996); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.1986). The terms of a plea agreement must therefore be explicit. *State v. Padilla*, 8th Dist. Cuyahoga No. 98187, 2012-Ohio-5892, ¶ 11. Where the state breaches a plea agreement, the defendant has the option to withdraw his plea or seek specific performance. *State v. Brunning*, 8th Dist. Cuyahoga No. 95376, 2013-Ohio-930, ¶ 9; *Santobello v. New York*, 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).
>
> The trial court is vested with wide discretion in implementing a plea agreement. *State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, ¶ 112, citing *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.). And the court is not obligated to follow the negotiated plea entered into between the state and the defendant. *Dunbar*. In fact, "[a] trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" *Buchanan* at ¶ 13, quoting *State v. Pettiford*, 12th Dist. Fayette No. CA2001-08-014, 2002-Ohio-1914, citing *State v. Darmour*, 38 Ohio App.3d 160, 529 N.E.2d 208 (8th Dist.1987).

*State v. Grove*, 8th Dist. Cuyahoga No. 103042, 2016-Ohio-2721, ¶ 36-37.

{¶16} As noted above, pursuant to appellant's plea agreement, the parties agreed to

recommend a prison sentence that did not exceed 25 years. Appellant contends that the state breached the plea agreement when the prosecutor stated, "your Honor, I would renew my request for maximum consecutive sentence." (Tr. 227.) After review, we find that appellant's argument is entirely unsupported by the record and the statement based upon which he claims the prosecutor breached the plea agreement is taken out of context.

{¶17} After the prosecutor presented victim impact statements during the sentencing hearing, the prosecutor addressed the trial court. The prosecutor stated, in relevant part,

> Judge, you referenced a plea agreement in this case. The State submits that [appellant] has already received his mitigation and the negotiated plea cap. As you are aware, as [appellant] is aware, the statutory potential consecutive maximum sentence could have gone as high as 34 years. Given the gravity of this offense — these offenses, and in reviewing 2929.14 (C), the State submits that the only just and appropriate sentence is maximum consecutive, *with a total aggregate sentence of 25 years in this case*[.]

(Emphasis added.) (Tr. 216.) Accordingly, the record reflects that the prosecutor did not breach the parties' plea agreement during the sentencing hearing.

{¶18} Furthermore, appellant has failed to demonstrate how he was prejudiced by the prosecutor's purportedly improper statement. The trial court imposed a 25-year prison term in CR-16-607989-A, and ordered his 25-year prison term to run concurrently with his three-year prison sentence in CR-16-607990-A, for an aggregate prison sentence in both cases of 25 years.

{¶19} Based on the foregoing analysis, we find that the state did not breach the parties' plea agreement during the sentencing hearing, and appellant's due process rights were not violated when the trial court enforced appellant's guilty plea and proceeded to the imposition of sentence. Appellant's first assignment of error is overruled.

### B. Trial Court's Sentence

{¶20} In his second assignment of error, appellant argues that the trial court erred and

violated his constitutional due process rights by considering his juvenile record in imposing more than the minimum and consecutive sentences. In support of his argument, appellant directs this court to *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448.

**{¶21}** In *Hand*, the Ohio Supreme Court held that it "is a violation of due process to treat a juvenile adjudication as the equivalent of an adult conviction for purposes of enhancing a penalty for a later crime." *Id*. at ¶ 1. The court explained that "[q]uite simply, a juvenile adjudication is not a conviction of a crime and should not be treated as one." *Id*. at ¶ 38.

**{¶22}** In this case, appellant argues that his criminal history, based upon which the trial court determined that consecutive sentences were necessary, is primarily comprised of offenses that he committed as a juvenile. Appellant appears to argue that the trial court improperly considered his juvenile offenses and/or adjudications at sentencing, and that the trial court should only have considered the offenses he committed as an adult. Appellant's argument is misplaced.

**{¶23}** This court considered a similar argument in *State v. Delp*, 8th Dist. Cuyahoga No. 105467, 2017-Ohio-8879. There, the defendant-appellant, in challenging the trial court's sentence, argued, amongst other things, that it was improper for the trial court to consider his juvenile adjudication at sentencing because it is not a criminal violation. *Id*. at ¶ 37. This court rejected appellant's argument, explaining that R.C. 2929.12(D) and (E) require trial courts to consider a defendant's juvenile adjudications in determining whether the defendant is likely to reoffend in the future. *Id*. at ¶ 39.

**{¶24}** In the instant matter, after outlining appellant's criminal history during the sentencing hearing, the trial court acknowledged that "a number of your cases that I've just gone through are out of the juvenile court." (Tr. 223.) After reviewing the record, we find no merit

to appellant's assertion that it was improper for the trial court to consider these offenses at sentencing

{¶25} *Hand* does not bar trial courts from considering an offender's juvenile record in crafting an appropriate sentence. In fact, the serious and recidivism factors set forth in R.C. 2929.12 require trial courts to consider an offender's juvenile adjudications. *See* R.C. 2929.12(D)(2)-(3) and (E). Finally, the record reflects that the trial court focused primarily on the harm that appellant caused, rather than his criminal history or juvenile record, in imposing more than the minimum and consecutive sentences.

{¶26} Based on the foregoing analysis, appellant's second assignment of error is overruled.

### III. Conclusion

{¶27} We have performed our duty under *Anders* to conduct an independent review of the record. We have thoroughly reviewed the record and have found no nonfrivolous issues for review regarding appellant's guilty plea and the trial court's imposition of consecutive sentences. Accordingly, appointed counsel's request to withdraw is granted.

{¶28} We further find that the state did not breach the parties' plea agreement during the sentencing hearing, it was not improper for the trial court to consider appellant's juvenile record during the sentencing hearing, and appellant's constitutional due process rights were not violated. Appellant's convictions and the trial court's sentence are affirmed.

{¶29} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas

court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY