[Cite as *State v. Gilbreath*, 2019-Ohio-642.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-91 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-753 |
| | : | |
| CHRISTOPHER GILBREATH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of February, 2019.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

CHRISTOPHER C. GREEN, Atty. Reg. No. 0077072, 130 West Second Street, Suite 830, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Christopher Gilbreath appeals his conviction and sentence for one count of attempted felonious assault on a peace officer, in violation of R.C. 2923.02 and R.C. 2903.11(A)(2), a felony of the second degree. Gilbreath filed a timely notice of appeal with this Court on August 2, 2018.

{¶ 2} The incident which forms the basis for the instant appeal occurred on November 22, 2017, when the Springfield Police Department received a call regarding a red Chevy Tahoe being driven without its lights on in the vicinity of Sherman Avenue and Farlow Street in Springfield, Ohio. Shortly thereafter, three cruisers arrived at the scene. The officers observed the subject vehicle parked in front of a house located on Sherman Avenue. Two of the cruisers parked in front of the vehicle, and the third cruiser parked behind the vehicle. The officers observed that the vehicle was still running and that there was a male individual sitting in the front passenger seat of the vehicle.

{¶ 3} Springfield Police Officer Calvin Burch exited his cruiser and approached the vehicle. As Officer Burch approached, the individual, later identified as Gilbreath, moved into the driver's seat of the vehicle. Gilbreath, who was 18 years old at the time, put the vehicle in reverse and accelerated backward, forcing Officer Burch to quickly reenter his cruiser in order to avoid being hit. Gilbreath then struck Officer Burch's cruiser. After hitting the police cruiser, Gilbreath led the police on a chase for approximately five miles, eventually crashing the vehicle on West Euclid Street. Gilbreath exited the vehicle and attempted to flee on foot but was apprehended by Officer Burch. Gilbreath was arrested.

{¶ 4} On December 4, 2017, Gilbreath was indicted for the following offenses: Count I, failure to comply with the order or signal of a police officer, in violation of R.C.

2921.331(B) and R.C. 2921.331(C)(5), a felony of the third degree; Count II, vandalism, in violation of R.C. 2909.05(B)(2), a felony of the fifth degree; Count III, obstructing official business, in violation of R.C. 2921.31(A), a felony of the fifth degree; and Count IV, felonious assault (peace officer), in violation of R.C. 2903.11(A)(2), a felony of the first degree. At his arraignment held on December 5, 2017, Gilbreath pled not guilty to the offenses contained in the indictment.

{¶ 5} On June 14, 2018, Gilbreath pled guilty to an amended count of attempted felonious assault on a peace officer in return for dismissal of the remaining counts. The trial court accepted Gilbreath's guilty plea and referred the case to the adult probation department for a presentence investigation report (PSI). On July 26, 2018, Gilbreath was sentenced to eight years in prison for the single count of attempted felonious assault on a peace officer.

{¶ 6} It is from this judgment that Gilbreath now appeals.

{¶ 7} Gilbreath's sole assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT RELIED UPON THE APPELLANT'S JUVENILE RECORD TO IMPOSE THE MAXIMUM ALLOWABLE SENTENCE.

{¶ 8} In his assignment, Gilbreath argues that the trial court erred by, in the absence of an adult criminal record, relying solely on his prior juvenile adjudications to impose the maximum sentence for the offense of attempted felonious assault on a peace officer. Gilbreath also argues that there is nothing in the record that supports imposition of the maximum sentence "because the record is virtually silent about any findings."

{¶ 9} At Gilbreath's sentencing hearing, the trial court stated the following:

I do want to look at your juvenile record for a minute. And I understand that rehabilitation is the primary goal in juvenile court, but with that being said, I have to say that I am just astonished at the way you have been treated with kid gloves.

Trafficking in drugs in 2013, placed on probation for a couple of years. Well, indefinitely. A year later, felony possession of criminal tools. Well, let me go back. Drug trafficking in 2013, indefinite probation, suspended commitment to the Department of Youth Services.

A little over a year later, a felony possession of criminal tools. Your probation is not revoked, and you are not sent to DYS. Your probation is continued. A couple months later, an assault, a misdemeanor assault adjudication, placed on probation indefinitely.

A month later [a] probation violation, probation continued. A year later [a] probation violation, probation continued. Suspended commitment to DYS continued. A few months later, early 2016, probation violation, youth shall remain on probation.

Commitment to DYS still suspended. A few months later probation violation. Youth shall remain on probation. A couple [of] months later, November 2016, probation violation. Youth is admonished. Sounds to me like were told to stop violating your probation.

A month later criminal damaging. Youth shall remain on probation.

Early 2017, felony receiving stolen property. Surely by this time your probation will be terminated, and you'll be sent to DYS. But no. I see

here where: Youth shall remain on probation.

Later in 2017, while there is a warrant out for your arrest out of juvenile court, you commit the crime of attempted felonious assault, a felony of the second degree with a police officer being the victim.

And then while you are under indictment in this case, you are in a vehicle that gets pulled over by the Marshalls with other individuals with a firearm.

So to summarize your criminal – Well, I should say juvenile delinquency career and now adult criminal career, I don't see any consequences for what you have done. Oh, I take that back. You were admonished.

I see here a total disregard for the police, [and] safety of the community. Well, you're not in juvenile court anymore.

The Court is going to order that you be sentenced to eight (8) years in the Ohio State Penitentiary. Upon your release you will be placed on mandatory three (3) years of post-release control.

Sentencing Tr. 12-14.

**{¶ 10}** As this Court has previously noted:

"This court no longer applies an abuse of discretion standard when reviewing felony sentences, as the Supreme Court of Ohio has made clear that felony sentences are to be reviewed in accordance with the standard set forth in R.C. 2953.08(G)(2)." *State v. McCoy*, 2d Dist. Clark No. 2016-CA-28, 2016-Ohio-7415, ¶ 6, citing *State v. Marcum*, 146 Ohio St.3d 516,

2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10, 16. *Accord State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.)  Under the plain language of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 7, citing *Rodeffer* at ¶ 31.

Even before *Marcum*, we had indicated "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5759. *Accord State v. Terrel*, 2d Dist. Miami No. 2014-CA-24, 2015-Ohio-4201, ¶ 14. But "in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." (Citations omitted.) *State v. Castle*, 2016-Ohio-4974, 67 N.E.3d 1283, ¶ 26 (2d Dist.). * * *

*State v. Folk*, 2d Dist. Montgomery No. 27375, 2017-Ohio-8105, ¶ 5-6.

{¶ 11} Initially, we note that in its judgment entry of conviction, the trial court stated

as follows:

> * * * The Adult Probation Department tendered to the Court the PSI report and the Court reviewed the same.
>
> * * *
>
> The Court considered the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.

{¶ 12} Gilbreath argues that the trial court erred in relying solely on his prior juvenile adjudications to impose the maximum sentence for the offense of attempted felonious assault on a peace officer. In support of his argument, Gilbreath cites to *State v. Hand,* 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448. In *Hand*, the Supreme Court of Ohio held that it is unconstitutional to use a juvenile adjudication as the equivalent of an adult conviction to enhance a penalty for a later crime, because, unlike an adult conviction, a juvenile adjudication does not involve the right to a trial by jury. *Hand* at paragraph two of the syllabus and ¶ 38. In so holding, the court struck down R.C. 2901.08(A), a statute which specifically provided that a prior "adjudication as a delinquent child or as a juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed[.]" *Hand* at paragraph one of the syllabus and ¶ 37. Therefore, the Supreme Court stated in *Hand* that "a juvenile adjudication is not a conviction of a crime and should not be

treated as one." *Id.* at ¶ 38. Here, Gilbreath contends that "[t]he trial court, in violation of the precedent set forth in *Hand*, increased Mr. Gilbreath's sentence beyond the mandatory minimum" by imposing a sentence of eight years rather than two years.[1]

**{¶ 13}** Although a consecutive sentencing case, the First District Court of Appeals has rejected a similar *Hand* argument on the subject of the use of juvenile adjudications, stating:

> This court rejected that argument in *State v. Bromagen*, 1st Dist. Hamilton No. C-120148, 2012-Ohio-5757. We noted that the applicable statutes specifically allowed the sentencing court to consider the defendant's history of criminal conduct. We stated,
>
> > As Bromagen correctly notes, a juvenile-delinquency adjudication is not a criminal conviction. * * * But it does not necessarily follow from that statement that juvenile adjudications cannot be used to demonstrate a history of criminal conduct. If, as Bromagen argues, the General Assembly had intended to limit a sentencing court's review of prior actions to criminal convictions, it could have done so. But the legislature, in both former R.C. 2929.14(E)(4)(c) and newly enacted R.C. 2929.14(C)(4)(c), at issue here, has, [sic] stated that "an offender's history of criminal *conduct*" can support the imposition of consecutive sentences. We must

---

[1] R.C. 2929.14(A)(2) states that "[f]or a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years."

> give effect to the words the General Assembly actually used. In determining legislative intent, we are not free to delete words or insert words not used.

(Emphasis sic.) *Id.* at ¶ 8.

We also noted that the applicable statutes "mandate that a sentencing court is required to consider juvenile adjudications when it determines the likelihood of an adult offender's recidivism." *Id.* at ¶ 10[, citing R.C. 2929.12(D)(2) & (3)]. We further stated,

> Clearly an offender's prior criminal conduct bears directly on a sentencing court's decision on the length of sentence to impose. And a sentencing court is entitled to rely on a defendant's juvenile history of criminal conduct in deciding whether consecutive sentences are necessary.

*Id.* at ¶ 9.

*State v. Carney*, 1st Dist. Hamilton No. C-160660, 2017-Ohio-8585, ¶18-20.

{¶ 14} Relying on the First District's holding in *Carney*, we recently held in *State v. Ward*, 2d Dist. Clark No. 2015-CA-115, 2018-Ohio-1230, that *Hand* does not preclude a trial court from considering an offender's juvenile adjudications when determining whether a defendant's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." *Id.* at ¶ 35. Based upon review of Ward's history of criminal conduct, including both his juvenile and adult record, we found that the trial court's finding was not clearly and convincingly unsupported by the record. *Id.*

{¶ 15} Relying on our holding in *Ward*, the Third District Court of Appeals recently rejected an argument similar to the one advanced by Gilbreath in the instant case. *State v. Watkins*, 3rd Dist. Logan No. 8-18-21, 2018-Ohio-4921.   Specifically, *Watkins* stated as follows:

> Contrary to Watkins' arguments, no juvenile adjudication was used here to enhance the degree of the charge, or to change a non-mandatory prison term to a mandatory prison term as was done in *Hand*.   In fact, this case does not involve R.C. 2901.08(A) at all, which the Supreme Court of Ohio found unconstitutional in *Hand* as it related to juveniles.   Watkins thus attempts to misapply *Hand* to the situation before us, where it is clearly inapplicable.   "*Hand* does not bar trial courts from considering an offender's juvenile record in crafting an appropriate sentence.   In fact, the serious and recidivism factors set forth in R.C. 2929.12 require trial courts to consider an offender's juvenile adjudications." *State v. Walton*, 8th Dist. Cuyahoga No. 106103, 2018-Ohio-1963, ¶ 25; *State v. Ward*, 2d Dist. Clark No. 2015-CA-115, 2018-Ohio-1230, ¶ 35.
>
> As the *Walton* and *Ward* courts stated, a trial court is actually directed to consider whether an offender was previously adjudicated a delinquent child when sentencing a criminal defendant under R.C. 2929.12(D)(2), which reads as follows.
>
> > (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely

to commit future crimes:

* * *

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

*Watkins* at ¶ 11-12; *see also* R.C. 2929.12(D)(3) ("[t]he offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions"). Based upon the foregoing rationale, the *Watkins* court held that the trial court did not violate *Hand* by considering the defendant's juvenile record when imposing sentence.

{¶ 16} Upon review, we agree with the *Watkins* court and hold that *Hand* did not bar the trial court from considering Gilbreath's juvenile record when it imposed a sentence within the applicable statutory range. As previously stated, Gilbreath pled guilty to a felony of the second degree, and the trial court imposed a sentence of eight years. Although the trial court imposed the maximum sentence, the sentence was within the range authorized by statute. Furthermore, pursuant to R.C. 2929.12(D)(2) and (3), the trial court was permitted to consider Gilbreath's extensive juvenile record and apparent lack of rehabilitation when it imposed sentence. Therefore, we conclude that *Hand* is inapplicable to the instant case, and the sentence imposed by the trial court is not clearly

and convincingly unsupported by the record.

{¶ 17} Gilbreath's sole assignment of error is overruled.

{¶ 18} Gilbreath's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Andrew P. Pickering
Christopher C. Green
Hon. Douglas M. Rastatter