[Cite as *State v. Jacobs*, 2023-Ohio-4428.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2023 CA 0017 |
| BLAINE A. JACOBS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                            Pleas, Case No.  22 CR 0124

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      December 6, 2023

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CHRISHANA L. CARROLL                  TODD W. BARSTOW
ASSISTANT PROSECUTOR                  261 West Johnstown Road
318 Chestnut Street                   Suite 204
Coshocton, Ohio  43812                Columbus, Ohio  43230

*Wise, P. J.*

**{¶1}** Appellant Blaine A. Jacobs appeals his sentence and conviction on one count of Trafficking in a Fentanyl-Related Compound, entered on June 16, 2023, in the Coshocton County Common Pleas Court, following a guilty plea.

**{¶2}** Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** For purposes of this appeal, the relevant facts and procedural history are as follows:

**{¶4}** Pursuant to a search incident to arrest, Appellant Blaine A. Jacobs was found to have a large bag of suspected Fentanyl located inside his pants pocket. Upon questioning at the Coshocton County Justice Center, Appellant admitted that the suspected drugs were approximately 8-14 grams of fentanyl.

**{¶5}** On November 21, 2022, Appellant was indicted on One Count of Trafficking in a Fentanyl-Related Compound, a felony of the second degree.

**{¶6}** On April 21, 2023, Appellant entered into a plea of guilty to Count One of the indictment, and in exchange, the State agreed to take no position on sentencing, and further agreed not to pursue prosecution of Appellant for a controlled purchase of illegal narcotics on October 17, 2022, and further not to prosecute the Appellant on Illegal Conveyance or any related charges in Coshocton County Sheriff's Office Report #22-3683. Further, the State agreed to not object to bond and to not oppose a pre-sentence investigation.

**{¶7}** The trial court accepted the plea and found Appellant guilty as charged. The trial court ordered a pre-sentence investigation.

**{¶8}** On June 12, 2023, Appellant appeared before the trial court for sentencing. The trial court sentenced Appellant to a mandatory indefinite sentence with a mandatory minimum term of four (4) years to six (6) years of confinement.

**{¶9}** Appellant now appeals, assigning the following error for review:

<u>ASSIGNMENT OF ERROR</u>

**{¶10}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HIM IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES."

I.

**{¶11}** In his sole Assignment of Error, Appellant argues that his sentence is contrary to law. We disagree.

**Standard of Appellate Review**

**{¶12}** A court reviewing a criminal sentence is required by R.C. §2953.08(F) to review the entire trial-court record, including any oral or written statements and presentence-investigation reports. R.C. §2953.08(F)(1) through (4). Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. §2929.11 and the sentencing factors under R.C. §2929.12, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 20, *citing State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

**{¶13}** We review felony sentences using the standard of review set forth in R.C. §2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. R.C.

§2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), §2929.14(B)(2)(e) or (C)(4), or §2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28.

{¶14} R.C. §2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. §2929.11 and §2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶ 10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

{¶15} In *State v. Bryant,* the Court recently clarified the holding in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, wherein it stated:

> The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations-i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones,* this Court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify

sentencing decisions that are " 'otherwise contrary to law.' " *Jones* at ¶ 32, *quoting* R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means " 'in violation of statute or legal regulations at a given time.' " *Id.* at ¶ 34 quoting Black's Law Dictionary 328 (6th Ed.1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

**{¶16}** 168 Ohio St.3d 250, 2022-Ohio-1878, ¶ 22.

### R.C. §2929.13(D)

**{¶17}** Appellant pled guilty to Trafficking in a Fentanyl-Related Compound, a felony of the second degree. R.C. §2929.13(D) applies to one convicted of a second-degree felony.

**{¶18}** R.C. §2929.13(D) provides that when sentencing for a first or second-degree felony "it is presumed that a prison sentence is necessary in order to comply with the purposes and principles of sentencing." Nonetheless, R.C. §2929.13(D)(2) provides that "[n]otwithstanding the presumption * * * the sentencing court *may* impose a community control sanction," but only if the sentencing court finds that a community control sanction would (1) adequately punish the offender and protect the public from future crime, and (2) not demean the seriousness of the offense because the statutory less serious sentencing factors outweigh the more serious factors. (Emphasis added).

## R.C. §2929.11

**{¶19}** R.C. §2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. In order to achieve these purposes and principles, the trial court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A). Additionally, the sentence must be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on the victims and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

## R.C. §2929.12

**{¶20}** R.C. §2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

## ANALYSIS

**{¶21}** Here, Appellant argues his sentence was imposed based on impermissible considerations which fall outside those that are contained in R.C. §2929.11 and §2929.12. More specifically, Appellant argues that the trial court improperly relied on Appellant's

juvenile adjudications for drug trafficking and escape in imposing more than the minimum sentence.

**{¶22}** At sentencing, the trial court stated that it "doesn't ordinarily take into consideration any juvenile adjudications when crafting a sentence." (T. at 14). The court then went on to explain that Appellant was now 20 years old and as an adult was "going to receive an adult consequence." (T. at 15). The court also noted that Appellant's juvenile charges of trafficking and escape were committed just prior to his becoming an adult.

**{¶23}** Upon review, we find Appellant's argument is misplaced.

**{¶24}** In *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, the Supreme Court of Ohio held that it is unconstitutional to use a juvenile adjudication as the equivalent of an adult conviction to enhance a penalty for a later crime, because, unlike an adult conviction, a juvenile adjudication does not involve the right to a trial by jury. *Hand* at paragraph two of the syllabus and ¶ 38. However, numerous appellate courts, including this one, have held that *Hand* does not preclude a trial court from considering an offender's juvenile adjudications when determining whether a defendant's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." *State v. Ward*, 2d Dist. Clark No. 2015-CA-115, 2018-Ohio-1230; *See also State v. Vinson*, 5th Dist. Delaware No. 21 CAA 04 0020, 2021-Ohio-4376; *State v. Brown*, 8th Dist. No. 109007, 2020-Ohio-4474, 158 N.E.3d 972; *State v. Walton*, 8th Dist. Cuyahoga No. 106103, 2018-Ohio-1963.

**{¶25}** In rejecting said arguments, appellate courts have explained the serious and recidivism factors set forth in R.C. §2929.12 require trial courts to consider an offender's juvenile adjudications in determining whether the defendant is likely to reoffend

in the future. *See* R.C. 2929.12(D)(2)-(3) and (E); *See also* S*tate v. Delp*, 8th Dist. Cuyahoga No. 105467, 2017–Ohio–8879. at ¶ 39; *State v. Walton*, 8th Dist. Cuyahoga No. 106103, 2018-Ohio-1963, ¶ 25; *State v. Ward*, 2d Dist. Clark No. 2015-CA-115, 2018-Ohio-1230, ¶ 35; *State v. Gilbreath*, 2nd Dist. Clark No. 2018-CA-91, 2019-Ohio-642, ¶ 15

**{¶26}** After reviewing the record, we find no merit to Appellant's assertion that it was improper for the trial court to consider his juvenile offenses at sentencing. At the sentencing hearing, the trial court heard from the Appellant's attorney, the state's attorney, and Appellant. The trial court also reviewed the presentence investigation, noting Appellant's prior juvenile criminal history. The court noted that his current charges occurred closely after he became an adult and were similar to his juvenile charges. The trial court also considered the seriousness of the offense, stating "you were just dealing in a large amount of fentanyl, a very dangerous drug that has killed numerous people in this community." (T. at 17).

**{¶27}** Upon review, we find the trial court considered the purposes and principles of sentencing [R.C. §2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. §2929.12].

**{¶28}** Appellant's sentence was within the applicable statutory range, and the sentence is not based on considerations that fall outside those that are contained in R.C. §2929.11 and §2929.12. Therefore, we have no basis for concluding that it is contrary to law.

**{¶29}**   Appellant's sole assignment of error is overruled.

**{¶30}**   For the foregoing reasons, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is hereby affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/kw 1204