[Cite as *State v. Walton*, 2024-Ohio-5214.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff- Appellee, | : | No. 113688 |
| v. | : | |
| KAREEM WALTON, | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 31, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-607989-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda and Kerry Sowul, Assistant Prosecuting Attorneys, *for appellee.*

Patituce & Associates, LLC, and Joseph C. Patituce, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Kareem Walton appeals the trial court's denial of his motion to withdraw his guilty plea. Because the trial court did not abuse its discretion in denying Walton's motion, we affirm.

PROCEDURAL HISTORY AND RELEVANT FACTS

{¶ 2} On July 26, 2016, Walton was indicted with three counts of aggravated vehicular homicide, second-degree felonies in violation of R.C. 2903.06(A)(1)(a); three counts of aggravated vehicular homicide, third-degree felonies in violation of R.C. 2903.06(A)(2)(a); two counts of aggravated vehicular assault, third-degree felonies in violation of R.C. 2903.08(A)(1)(a); two counts of aggravated vehicular assault, fourth-degree felonies in violation of R.C. 2903.08(A)(2)(b); and one count of operating vehicle under the influence of alcohol or drugs, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a). The indictment followed a July 9, 2016 incident in which the then 20-year old Walton, while traveling at a high rate of speed, crashed his vehicle into a tree in the Glenville neighborhood of Cleveland. Three teenage girls died from injuries sustained; two other people were injured.

{¶ 3} On June 12, 2017, the trial court held a hearing on Walton's motion to suppress a blood test indicating he had alcohol in his blood. Prior to the hearing, Walton's trial counsel and the State stipulated that (1) blood draws were taken from Walton after he was admitted to the hospital following the incident; (2) the blood was properly maintained for purposes of analysis; (3) the State did not need to call

the person who drew the blood; (4) there was no chain of custody issue with any documented substance analysis result; and (5) the results were authentic and admissible.

{¶ 4} During the suppression hearing, Walton presented an expert witness who testified that because Walton had suffered severe trauma, the blood alcohol test could lead to a false positive result and/or elevate the results. As such, Walton argued that the test should be suppressed. Through its expert witness, the State presented conflicting testimony regarding the accuracy of the results of the blood test. The State argued that Walton's expert's testimony merely attacked the weight or credibility, not the admissibility, of the blood test. The trial court denied the motion to suppress on this ground.

{¶ 5} On June 13, 2017, appellant pled guilty to the charges in a plea agreement, with the State agreeing that the six counts alleging aggravated vehicular homicide would merge into three counts; the four counts alleging aggravated vehicular assault would merge into two counts; and it would advocate for a sentence that did not exceed 25 years' imprisonment. On June 16, 2017, the trial court imposed a sentence of 25 years.

{¶ 6} Walton, pro se, filed an appeal of his convictions. This court appointed appellate counsel, who thereafter filed a brief pursuant to *Anders v. California*, 386 U.S. 738, (1967), and moved to withdraw. Walton, acting pro se, filed two assignments of error, arguing that the State breached the terms of his plea agreement and that the trial court impermissibly considered his juvenile record

when imposing sentence. *State v. Walton*, 2018-Ohio-1963 (8th Dist.) ("*Walton I*") In *Walton I*, this court independently reviewed the record, overruled Walton's pro se assignments of error, and affirmed his convictions. *Id.* at ¶ 27-28. This court specifically stated that we "found no nonfrivolous issues for review regarding appellant's guilty plea . . . ." *Id.* at ¶ 27.

{¶ 7} After his convictions were affirmed, Walton sought to reopen *Walton I* by asserting appellate counsel was ineffective for failing to raise error regarding the trial court's denial of his motion to suppress. This court denied the motion and held "Walton did not demonstrate that the test was sufficiently unreliable that the results should be excluded. Therefore, Walton has not demonstrated a colorable claim of ineffective assistance of appellate counsel." *State v. Walton*, 2018-Ohio-4021, ¶ 14 (8th Dist.) ("*Walton II*").

{¶ 8} On March 10, 2022, Walton filed a postconviction motion to withdraw his guilty plea. Within the motion, he argued that his plea constituted a manifest injustice because he received ineffective assistance of counsel. Specifically, he argued trial counsel was ineffective because he did not file a comprehensive motion to suppress, did not challenge the manner in which the blood was taken or tested at the hospital, and did not challenge the fact that the State's expert at the suppression hearing did not draw the blood or perform the testing.

{¶ 9} On May 10, 2022, the trial court held a hearing on the motion in which Walton's trial counsel testified. On direct examination, he explained that he investigated the law, obtained an expert, and filed a motion to suppress the blood

tests. When asked about the motion to suppress, trial counsel stated that he challenged the results of the test because the expert could refute the results. Trial counsel also testified that he researched the law but could not be precise about the research because of the five-year gap between the case and his testimony. Trial counsel also said he did not challenge the manner in which the blood was drawn at the hospital. As to his memory of why he advised Walton to plead, he recounted that there were sympathetic victims, the outcome of a jury trial would have been a "crap shoot," and there was a possibility Walton could receive a maximum sentence.

{¶ 10} On cross-examination, trial counsel admitted that his advice to defendants as to whether to plea included consideration of a defendant's criminal record and whether the defendant faced multiple cases. As to Walton, trial counsel testified that his advice to plea would include consideration that Walton made admissions to drinking alcohol, the police had detected an odor of alcohol on his breath, and witnesses observed him driving at a high rate of speed prior to the crash.

{¶ 11} On November 18, 2022, the trial court denied the motion to withdraw. It found that it did not have jurisdiction over the motion to withdraw plea. Walton appealed the denial of his motion. In *State v. Walton,* 2023-Ohio-2879 ("*Walton III*"), we reversed the trial court's denial of the motion to withdraw plea. In doing so, we found the trial court did have jurisdiction to consider Walton's postconviction motion to withdraw plea and remanded the case for the trial court to determine the motion on its merits. *Id.* at ¶ 21.

{¶ 12} After remand, the trial court denied the motion to withdraw on March 1, 2024. It is from this denial that Walton now appeals.

LAW AND ARGUMENT

{¶ 13} Walton raises one assignment of error, which reads:

The trial court erred when it denied Defendant's Motion to Withdraw his Guilty Plea where trial counsel's admission to being ineffective constituted a manifest injustice.

{¶ 14} Walton argues his plea was not knowingly, voluntarily, and intelligently made because he relied upon trial counsel's advice and trial counsel provided ineffective assistance. He alleges counsel was ineffective because "he had no strategy to attack the allegations that Mr. Walton was driving while impaired and . . . there were valid defenses that demonstrate Mr. Walton may be innocent of these charges." The State argues that Walton did not receive ineffective assistance of counsel and that there is nothing in the record indicating that even if Walton received ineffective assistance of counsel, he would have not have entered his guilty plea.

{¶ 15} We review a trial court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 16} A criminal defendant has a right to the effective assistance of counsel when deciding whether to enter a guilty plea. *State v. Ayesta*, 2015-Ohio-1695, ¶ 14

(8th Dist.), citing *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010).  When arguing ineffective assistance of counsel, a defendant has to satisfy the two-part test enunciated in *Strickland v Washington*, 466 U.S. 668 (1984), which requires the defendant to show that 1) counsel's performance fell below an objective standard of reasonableness and 2) he was prejudiced by counsel's deficient performance. *Padilla* at 367.  "In the context of constitutional challenges to guilty pleas, the prejudice prong of the test requires that the defendant show that there is a reasonable probability that were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ayesta*, 2015-Ohio-1695, ¶ 14, citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

{¶ 17}  As to whether the first prong of the *Strickland* test was met, Walton argues trial counsel had no strategy to attack the methodology of blood alcohol testing and posits that such challenge would be meritorious under our opinion in *State v. Harper*, 2018-Ohio-690 (8th Dist.).  In *Harper*, we found that a trial court did not abuse its discretion in suppressing the results of the blood test where "[t]he expert testimony that the State presented during the trial court's suppression hearing failed to indicate that the results of Harper's blood test were, in fact, valid, accurate, or reliable." *Id*. at ¶ 37.  We also found "[t]here was no direct evidence or testimony indicating that the policies and procedures were followed when Harper's blood was drawn and tested." *Id*. at ¶ 29.  We further found the State's expert "acknowledged during the suppression hearing that he had not performed any of his own work in the case." *Id*. at ¶ 27.

{¶ 18} Walton's argument presumes the State would not have been able to present the foundational requirements found lacking in *Harper*. However, the State was relieved of this burden because of the stipulations made before the suppression hearing. As such, Walton's reliance on *Harper* is misplaced. Further, Walton has not pointed to anything in the record to indicate the State would not have been able to present such evidence had there been no stipulation or there existed a basis for trial counsel to challenge the method of the blood testing or that such challenge would have resulted in the suppression of the blood test. As such, we cannot say trial counsel's decision to enter the stipulation and focus his efforts on challenging the results of the blood testing through expert testimony fell below an objective standard of reasonableness.

{¶ 19} As to the second prong of the *Strickland* test, Walton argues his challenges to his conviction throughout his appeals and his motion to withdraw plea are evidence that had trial counsel not been ineffective he would have gone to trial. We note that there is no affidavit or testimony by Walton stating affirmatively he would have gone to trial. In this case, Walton, who had a criminal record and was facing multiple cases, faced 34 years' imprisonment if convicted of the charges in this indictment had he not entered into a plea agreement. Even had the blood results been suppressed, the State had evidence Walton was operating a motor vehicle at a high rate of speed, crashed into a tree, killed three teenage girls, and injured two others. It further had evidence of his impairment; police detected an odor of alcohol from Walton after the accident and Walton admitted he had been drinking earlier

that day. Given these circumstances and where there was other evidence of Walton's impairment beyond the blood alcohol testing, we are not persuaded that Walton has shown he would not have entered his guilty plea.

{¶ 20} Accordingly, we cannot say that the trial court abused its discretion by denying Walton's motion to withdraw guilty plea where the record does not show trial counsel's representation fell below an objective standard of reasonableness or that even had he suffered ineffective assistance of counsel, he would not have entered his guilty plea.

{¶ 21} Walton's sole assignment of error is overruled.

CONCLUSION

{¶ 22} Walton argues that his plea was not knowingly, voluntarily, and intelligently made because trial counsel provided ineffective assistance because he had no strategy to attack blood alcohol testing beyond accuracy of the tests. Walton has not identified anything in the record to indicate had counsel done so, blood alcohol tests would have been suppressed. Because of this, we cannot find trial counsel's strategy to challenge the results of the blood testing through expert testimony fell below an objective standard of reasonableness. Further, Walton has not identified anything in the record that affirmatively shows that had trial counsel pursued a strategy to attack the blood results on other grounds and been successful he would not have entered his guilty plea where the record contained other evidence of his impairment.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR