[Cite as *State v. Honey*, 2024-Ohio-834.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff- Appellee,              :

                      No. 112885

        v.                               :

TRAVIS HONEY,                            :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 7, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-676191-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael Timms, Assistant Prosecuting Attorney, *for appellee.*

Donald K. Pond*, for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Travis Honey was convicted of robbery, a felony of the third degree, and sentenced to a term of imprisonment of 36 months. On appeal, he challenges his sentence by arguing the court considered factors beyond

those listed in R.C. 2929.11 and 2929.12 when imposing sentence. After review of the record, we find the trial court considered the applicable sentencing factors and imposed sentence within the applicable statutory range and affirm the sentence imposed.

## I. Statement of the Case and Relevant Facts

{¶ 2} Honey was indicted for one count of aggravated robbery, a felony of the first degree, and one count of robbery, a felony of the second degree. The indictment stemmed from Honey entering a bank in Cleveland, Ohio, and handing a teller a note that read "this is a bank robbery. I have a gun. Please do not make a scene, and no one will get hurt." Honey was handed $1,245 in cash that also contained a GPS tracker. The tracker led police to Honey's home where he was arrested with $995 in cash and a mask that resembled the one worn in the robbery. A search of his home revealed the clothing he wore during the robbery. Honey entered into a plea bargain with the state and pleaded guilty to robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree.

{¶ 3} At the sentencing hearing, the trial court asked the state for the reasons the state allowed Honey to plea to a third-degree felony. The state informed the court that its decision to reduce the charges was based on the fact no one was physically harmed in the robbery, the bulk of the money was recovered, and it could not prove Honey had actually used a weapon during the robbery. After the state presented the facts and circumstances of the crime to the trial court, it asked that a prison sentence be imposed.

{¶ 4} Honey's counsel addressed the trial court with mitigating evidence, to include Honey's completion of rehabilitative courses while in jail pending the resolution of the case. Honey personally addressed the trial court, expressed his remorse, and stated that the crime occurred when he was kicked out of his house and depressed.

{¶ 5} After hearing from the parties, the trial court stated it considered the applicable seriousness and recidivism factors as well as the purposes and principles of felony sentencing statutes and noted Honey's prior felony sex offense and more than 20 misdemeanor offenses. In imposing sentence, the trial court stated:

> This is a bank robbery case. Mr. Honey, it's actually a surprise to this Court that you received such a significant discount in the plea deal made by The State of Ohio, but you did, despite having a prior sex offense.
>
> * * *
>
> You had arrests for domestic violence, and you're here today for a bank robbery marked down to a third degree felony.
>
> The women in the bank, the tellers, need to be thought of here. You handed them the note. You said you had a gun. This is not something that ordinary people handle without consequence. You traumatized those women. Signing up to be a bank teller is not signing up to deal with threats. Unfortunately, bank robberies occur, and when they do, punishments follow, especially for someone who is a sex offender and a multiple misdemeanant.

{¶ 6} The trial court then imposed a prison sentence of 36 months. Honey appeals his sentence.

**II. Law and Argument**

ASSIGNMENT OF ERROR

{¶ 7} Honey's assignment of error reads:

The trial court erred by imposing the maximum sentence upon Defendant-Appellant Travis Honey.

{¶ 8} Honey argues that the trial court imposed sentence based on "impermissible considerations" contrary to R.C. 2929.11 and 2929.12. *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22. The state argues that the trial court properly considered the statutory factors in imposing sentence and that Honey's arguments do not amount to meritorious claims of relief under the appellate standard of review applicable to felony sentences.

RELEVANT LAW AND APPLICABLE STANDARD OF REVIEW

{¶ 9} A felony sentence is reviewed under the standard set forth in R.C. 2953.08(G)(2). *State v. Evans*, 8th Dist. Cuyahoga No. 110253, 2021-Ohio-3679, ¶ 9. Pursuant to R.C. 2953.08(G)(2), when reviewing felony sentences, an "appellate court may increase, reduce, or otherwise modify a sentence," or vacate a sentence and remand for resentencing if it "clearly and convincingly finds" that "the record does not support the sentencing court's findings" under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or "the sentence is otherwise contrary to law." A sentence is contrary to law where (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the statutory purposes and principles of felony

sentencing set forth in R.C. 2929.11 and 2929.12. *Evans* at ¶ 12. Finally, this court is not permitted to independently weigh the record and substitute its judgment for the trial court. *Id.* at ¶ 15.

THE TRIAL COURT PROPERLY IMPOSED SENTENCE

{¶ 10} Honey argues the trial court imposed a sentence contrary to law because it improperly considered the effect of a robbery on the victims when it stated the bank tellers were traumatized by the robbery. Honey notes that none of the tellers provided a victim-impact statement. Further, Honey infers from the record that the trial court was "dismayed" by the plea bargain where it noted the plea twice during sentencing. He argues, without citation to precedent, that a court may not consider a lenient plea bargain when imposing sentence because "a lenient plea deal is extraneous to the factors of sentencing."

{¶ 11} In imposing sentence, the trial court stated that it considered the applicable seriousness and recidivism factors, as well as the purposes and principles of felony sentencing in R.C. 2929.11 and 2929.12. R.C. 2929.11(A) directs the court to impose sentence "to protect the public from future crime by the offender" and "to punish the offender." We do not find the trial court's statements at sentencing as being impermissible or beyond the factors to be considered by the trial court. Further, pursuant to R.C. 2929.12(B) the trial court is required to consider not only those factors listed in the statute, but "*any other relevant factors*, as indicating that the offender's conduct is more serious than conduct normally constituting the offense." (Emphasis added.)

{¶ 12} In imposing sentence, the trial court noted the nature and seriousness of Honey's crime, noted the effect the crime of robbery has on victims, as well as noting Honey's criminal history. These considerations are not beyond the scope of those contained within R.C. 2929.11 and 2929.12. Our review of the record reveals that the trial court imposed a 36-month sentence for robbery, a third-degree felony, which is a term of imprisonment authorized by R.C. 2929.14(A)(1)(3)(a). Further, the record reflects that the trial court considered the purposes and principles and applicable factors of felony sentencing; as such, the sentence is not contrary to law.

{¶ 13} The sole assignment of error is overruled.

## III. Conclusion

{¶ 14} Honey pleaded guilty to robbery, a felony of the third degree after robbing a bank by presenting the teller with a note that he had a gun. In sentencing Honey to a 36-month prison term, the trial court considered the purposes and principles of felony sentencing and applicable factors pursuant to R.C. 2929.11 and 2929.12. The trial court's consideration of the nature of the crime Honey committed, the effects of robbery on victims, and Honey's criminal history were not impermissible considerations under the Revised Code and the sentence imposed was not contrary to law.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR