[Cite as *State v. Corbo*, 2024-Ohio-5484.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

      Plaintiff- Appellee,              :

                               No. 113756

      v.                                :

JOHN A. CORBO,                             :

      Defendant-Appellant.             :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** November 21, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-685936-A

---

### *Appearances:*

Charles Ruiz-Bueno Co., LPA, and J. Charles Ruiz-Bueno,
*for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} John A. Corbo appeals his conviction for sexual battery after he entered into a plea agreement with the State of Ohio. Corbo's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) seeking leave to

withdraw. Because we find no meritorious or nonfrivolous claim exists, we grant counsel's motion to withdraw and dismiss this appeal.

## RELEVANT FACTS AND PROCEDURAL HISTORY

{¶ 2} On October 19, 2023, Corbo was indicted for two counts of rape, felonies of the first degree; one count of kidnapping, a felony of the first degree; and one count of gross sexual imposition, a felony of the fourth degree. On November 7, 2023, Corbo's counsel requested a psychiatric review to determine his competency to stand trial. The report found Corbo competent to stand trial. On December 18, 2023, both parties stipulated to the report. The trial court then found Corbo competent to stand trial.

{¶ 3} On January 29, 2024, Corbo entered into a plea agreement pleading guilty to one count of sexual battery, a felony of the third degree, with all other counts of the indictment being dismissed. At the plea hearing, the trial court personally addressed Corbo, asked Corbo whether he and his attorney discussed defense strategies, and explained the constitutional and statutory rights he would be waiving by entering into the plea agreement. The trial court determined that Corbo understood the charges against him and the potential penalties he faced, including the fact he would be found to be a sexual offender subject to registration. After accepting Corbo's plea, the trial court ordered that the court psychiatric clinic prepare a mitigation report. It also ordered that a presentence-investigation report be prepared.

{¶ 4} On March 4, 2024, the trial court conducted a sentencing hearing. Prior to imposing sentence, the trial court noted Corbo tested positive for the use of marijuana and fentanyl on the day he entered his plea. Corbo denied use of fentanyl, but admitted to marijuana use. Because of the positive test results, the trial court vacated Corbo's plea and conducted a second plea hearing. The trial court personally addressed Corbo and explained the constitutional rights he would be waiving by entering a guilty plea, the charges against him, and the potential penalties. It informed him he would be found to be a sexual offender subject to registration. Corbo stated he understood his rights and the penalties he faced and had no questions of the trial court and again pled guilty to one count of sexual battery. The trial court accepted Corbo's plea.

{¶ 5} Prior to imposing sentence, the victim of the sexual battery addressed the court and related the facts of the crime, telling the court that she was in bed and Corbo assaulted her. She indicated she suffered immediate physical trauma after the assault. She related further emotional problems, stating that she is fearful and constantly looking over her shoulder since the assault and now has fear of places she once felt safe in. She told the trial court that Corbo had a criminal history, that he had assaulted a teenage girl in the past, and that Corbo's family enabled his drug use. The State informed the trial court that Corbo had violated the conditions of his bond by removing his GPS monitor on more than one occasion and that he was the subject of a police report in which a woman alleged an assault. The State asked that the maximum sentence be imposed.

{¶ 6} Corbo's trial counsel addressed the trial court and indicated that Corbo took responsibility for his actions and asked the court to not consider any uncharged allegations when imposing sentence. Trial counsel noted that Corbo had a history of mental-health issues and was receiving treatment. Corbo read a written statement, apologized to the victim, and informed the court he was taking responsibility for his actions.

{¶ 7} The trial court stated it considered the relevant sentencing statutes and reviewed the probation reports, presentence-investigation report, and a mitigation report prepared by the court psychiatric clinic. The trial court noted that even though Corbo showed some remorse at the sentencing hearing, statements by Corbo in the mitigation report and presentence report did not show he had a full appreciation for the harm he caused the victim. The trial court detailed Corbo's criminal history, which included disorderly conduct, willful and wanton disregard of safety (amended from an operating under the influence charge), disorderly conduct, possession of narcotic equipment, possession of marijuana and drug paraphernalia, and attempted aggravated assault, a felony of the fifth degree. The trial court imposed a sentence of 48 months in prison, ordered Corbo serve a mandatory term of five years of postrelease control, and found him to be a Tier III sexual offender.

## LAW AND ARGUMENT

### Proceedings Pursuant to *Anders v. California*

{¶ 8} *Anders*, 386 U.S. 738, allows appellate counsel to file a motion to withdraw if there exist no meritorious grounds for an appeal.[1] Before seeking leave to withdraw, counsel must conscientiously examine the entire record. If counsel believes the appeal is "wholly frivolous," counsel must advise the court of their findings, or lack thereof, and refer to anything in the record that "might arguably support the appeal." *State v. Smith*, 2023-Ohio-4315, ¶ 10 (8th Dist.), citing *Anders* at 744. Counsel must also furnish a copy of his or her brief to the appellant to allow sufficient time for the appellant to file his or her own brief pro se. *Sims*, 2019-Ohio-4975, ¶ 7 (8th Dist.).

{¶ 9} Once appellate counsel has filed a motion to withdraw and accompanying brief, this court must fully examine the proceedings from the trial court to determine if any meritorious claims exist. *Id*. at ¶ 8. "'An issue lacks arguable merit, if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.'" *State v. Walton*, 2018-Ohio-1963, ¶ 11 (8th

---

[1] We acknowledge that other district courts of appeals no longer accept motions to withdraw pursuant to *Anders*. *State v. Holbert*, 2023-Ohio-3272 (2d Dist.), *State v. Wenner*, 2018-Ohio-2590 (6th Dist.); *State v. Cruz-Ramos*, 2018-Ohio-1583 (7th Dist.) However, this court continues to "adhere to the procedures outlined in *Anders* pertaining to both counsel and the court when appointed appellate counsel files a motion to withdraw because an appeal would be wholly frivolous." *State v. Sims*, 2019-Ohio-4975, ¶ 14 (8th Dist.); *State v. Crawford*, 2023-Ohio-3791, ¶ 35 (8th Dist.) (recognizing criticism of *Anders* proceedings.)

Dist.), quoting *State v. Marbury*, 2023-Ohio-3243, ¶ 8 (2d Dist.). If no meritorious claims exist, we may determine an appeal would be frivolous. *Sims* at ¶ 8. A frivolous appeal is one that asserts issues lacking in arguable merit. *Walton* at ¶ 11.

### Appellate Counsel's Motion to Withdraw

{¶ 10} Corbo's appellate counsel reviewed the proceedings and filed a motion to withdraw pursuant to *Anders*. Within his motion, appellate counsel states that he reviewed the record and found that the plea was done in accordance with the law and the sentence was not contrary to law. Counsel considered whether Corbo received ineffective assistance of counsel, but noted the record reflected trial counsel discussed strategy with Corbo and was able to negotiate a plea agreement with favorable terms. Counsel stated that he met with Corbo and informed him he could not find any appellate issues. Counsel also stated that Corbo was served with appellate counsel's motion to withdraw; Corbo did not file any assignments of error for consideration.

### Independent Review

In conducting our review, we examined the record of proceedings from the trial court, including those issues identified by appellate counsel. Our review of the record does not reveal any meritorious claims exist within the record in this appeal.

### *Competency Proceedings*

{¶ 11} Corbo's competency to stand trial was raised as an issue by trial counsel. The trial court ordered the court psychiatric clinic to prepare a competency evaluation. A defendant is presumed to be competent unless it is demonstrated by

a preponderance of the evidence that he or she is "incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense." R.C. 2945.37(G); *State v. Winegarner*, 2023-Ohio-319, ¶ 34 (8th Dist.). The court psychiatric clinic prepared a report dated December 13, 2023, indicating Corbo was competent to stand trial. Because the State and Corbo stipulated to the report, the trial court found Corbo competent to stand trial without holding a hearing. *State v. Smith*, 2011-Ohio-2400, ¶ 5 (8th Dist.). We find no meritorious appellate claim exists to challenge the competency proceedings.

### *Plea Proceedings*

{¶ 12} Before accepting a guilty plea to a felony offense, the trial court must ensure that a defendant enters such plea knowingly, voluntarily, and intelligently. *State v. Holmes*, 2023-Ohio-2585, ¶ 5 (8th Dist.). The trial court does so by personally engaging the defendant and determining if the defendant understands the nature of the charges faced, the maximum penalty to be imposed, the effect of the guilty plea, and the constitutional rights being waived by entering a guilty plea. *Id.,* Crim.R. 11.

{¶ 13} A plea may be vacated without a showing of prejudice by the trial court's failure to comply with Crim.R. 11 if (1) the trial court fails to explain the constitutional rights included in Crim.R. 11(C)(2)(C) to the defendant, or (2) there is a failure by the trial court to comply with the nonconstitutional aspects of the plea colloquy. *State v. Grossman*, 2024-Ohio-2363, ¶ 22 (8th Dist.). We review the validity of a guilty plea de novo. *Id*. at ¶ 19.

**{¶ 14}** We find that the record indicates the trial court complied with Crim.R. 11(C) on January 29, 2024, when Corbo first entered into the plea agreement and again on March 4, 2024, prior to imposing sentence. At the sentencing hearing, having found that Corbo tested positive for drug use on January 29, 2024, the trial court conducted a second plea hearing in accordance with Crim.R. 11. The trial court personally addressed Corbo. It explained the constitutional rights Corbo would waive by pleading guilty and ensured that Corbo understood the charge and maximum penalty he faced. The trial court further explained to Corbo that he would be labeled a Tier III sexual offender with registration requirements for life after entering his plea. We find the trial court complied with Crim.R. 11 in accepting Corbo's plea.

**{¶ 15}** Appellate counsel also considered whether Corbo received ineffective assistance of counsel. A criminal defendant has a right to the effective assistance of counsel when deciding whether to enter a guilty plea. *State v. Ayesta*, 2015-Ohio-1695, ¶ 14 (8th Dist.), citing *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010). When arguing ineffective assistance of counsel, a defendant has to satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the defendant to show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) he was prejudiced by counsel's deficient performance. *Padilla* at 367. "In the context of constitutional challenges to guilty pleas, the prejudice prong of the test requires that the defendant show that there is a reasonable probability that were it not for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial." *Ayesta* at ¶ 14, citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

{¶ 16} In this case, there was no indicia that trial counsel was anything other than competent. The record reflects that trial counsel filed a motion to ensure Corbo was competent to stand trial, discussed the case with Corbo, and negotiated a plea that reduced the potential sentence if Corbo would have been found guilty after a trial of the charges within the indictment. Our review of the plea proceedings does not reveal a meritorious appellate claim regarding the plea proceedings.

### Sentencing Proceedings

{¶ 17} The trial court conducted a sentencing hearing at which it heard from the victim, the State, trial counsel, and Corbo. It stated it reviewed the applicable sentencing statutes and imposed a 48-month-prison term. Pursuant to R.C. 2953.08(G)(2), this court "may increase, reduce, or otherwise modify a sentence," or vacate a sentence and remand for resentencing if "the sentence is otherwise contrary to law." A sentence is contrary to law if it falls outside the statutory range for the offense or the trial court failed to consider the statutory purposes and principles of felony sentencing set forth in R.C. 2929.11 and 2929.12. *State v. Honey*, 2024-Ohio-834, ¶ 9 (8th Dist.).

{¶ 18} Corbo was sentenced for his plea of guilty to sexual battery, a felony of the third degree, which carries a potential term of incarceration of 12 to 60 months' imprisonment. R.C. 2929.14(A)(4). The record establishes that the trial court considered the statutory purposes and principles of felony sentencing set forth

in R.C. 2929.11 and 2929.12 and imposed a 48-month-prison sentence, which sentence is within the statutory range for the offense committed. Our review of the sentence does not reveal the existence of a meritorious appellate claim.

**CONCLUSION**

{¶ 19} Appellate counsel moved to withdraw from representation arguing that the record does not contain a meritorious or nonfrivolous claim to raise on Corbo's behalf. We agree. Our review of the record reveals that Corbo was determined competent to stand trial in accordance with the law, the trial court complied with Crim.R. 11 in accepting Corbo's plea, and the sentence imposed was not contrary to law. Further, the record does not indicate Corbo received ineffective assistance of counsel. Accordingly, we do not find there to be a meritorious claim to be raised on appeal and we grant counsel's motion to withdraw and dismiss this appeal.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
ANITA LASTER MAYS, J., CONCUR