[Cite as *State v. Smith*, 2025-Ohio-4377.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff- Appellee,                :

                               No. 114787

    v.                                  :

DOMINIK SMITH,                          :

    Defendant-Appellant.               :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 18, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-690356-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jonathan Sauline, Assistant Prosecuting Attorney, *for appellee.*

Law Office of Schlachet and Levy and Eric M. Levy, *for appellant*.

---

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant Dominik Smith ("Smith") appeals from the judgment of his conviction and sentence for one count of endangering children, a

felony of the fourth degree. On appeal, Smith claims that his conviction should be vacated asserting that 1) his plea was not entered into knowingly, voluntarily, or intelligently because the trial court failed to advise him of the effect of his guilty plea, and 2) the trial court abused its discretion when it denied his presentence motion to withdraw his guilty plea.

{¶ 2} Upon a thorough review of the record and applicable law, we find that Smith was not prejudiced by the trial court's failure to advise him at the plea hearing of the effect of guilty plea. We also find that the trial court did not abuse its discretion when it denied Smith's presentence motion to withdraw guilty plea. Accordingly, we overrule both assignments of error.

## I. Procedural History and Relevant Facts

{¶ 3} In April 2024, the Cuyahoga County Grand Jury returned a single-count indictment against Smith, charging him with one count of gross sexual imposition, a felony of the fourth degree. The indictment alleged Smith had sexual conduct with the victim, K.B., a minor, by purposely compelling K.B. to submit by force or threat of force.

{¶ 4} On October 28, 2024, Smith entered into a plea agreement with the State. As consideration for the plea, the State amended the sole count of the indictment to endangering children, a felony of the fourth degree. Smith withdrew his former plea of not guilty and pleaded guilty to the sole amended count in the indictment.

{¶ 5} The trial court set the matter for sentencing on December 3, 2024. At this sentencing hearing, the victim's mother, K.W., was given the opportunity to speak on behalf of the victim. K.W. stated the following to the trial court:

> [K.W.]: I would like you to know, your Honor, my daughter comes from another relationship. I tried to deal with that when I come to court. But the person who was arrested because my daughter is a minor.
>
> THE COURT: That's all.
>
> [K.W.]: That's all.

{¶ 6} Thereafter, the trial court had a discussion, off the record, with counsel for both parties. The matter was continued.[1]

{¶ 7} A week later Smith filed a motion for a copy of the transcript of the December 3, 2024 hearing at the State's expense, which was granted by the trial court. On January 2, 2025, Smith filed a presentence motion to withdraw his guilty plea. In his motion, Smith stated that the decision to withdraw his plea "is based not on a mere change of heart, but on a 'claim [of] actual innocence.'"

{¶ 8} On January 17, 2025, the State filed a motion to revoke Smith's bond. The State noted that at the initial December 3, 2024 sentencing hearing, the victim's mother, K.W., "appeared and indicated on the record that everything that her child, the victim, had said was a lie." This was the basis for which the trial court continued the initial sentencing hearing. The State indicated that after the initial sentencing

---

[1] While it is unclear from the transcript what occurred off the record, the State has conceded that at this hearing K.W. alleged that the victim, K.B., had recanted her allegations concerning this offense and that this is why the matter was continued.

hearing, a detective followed up with K.B. and that K.B. stated that "she never recanted to her mother or anyone, and that this incident did in fact happen." The motion also provided that the prosecutor had spoken to K.W. and she advised the prosecutor that "the only reason she indicated that her daughter had recanted was because [Smith] had come to her workplace and threatened her if she didn't come in and say that it was made up at sentencing."

{¶ 9} A hearing was held on January 29, 2025, wherein Smith was given the opportunity to be heard on his motion to withdraw guilty plea. Counsel for Smith explained that Smith has "asserted a claim of actual innocence after hearing the recantation at least of the mother in court." The State was also given an opportunity to respond to Smith's motion. The prosecutor told the court that, "based off the factual investigation that the State has done and through the detective, the State does not feel there's a basis for withdrawal at this point." After hearing from each party, the trial court denied Smith's motion to withdraw his guilty plea.

{¶ 10} The trial court proceeded to sentencing. Smith was given the opportunity to speak on his behalf. He told the court that he pleaded guilty because he was terrified that nobody would believe him. The trial court sentenced Smith to 17 months in prison with seven days of jail-time credit applied.[2]

---

[2] We note that the transcript of the hearing indicates that the trial court awarded Smith six days of jail-time credit. However, the sentencing entry journalized on January 29, 2025, indicates that Smith was awarded seven days of jail-time credit.

{¶ 11} It is the trial court's January 29, 2025 sentencing entry from which Smith now appeals, raising two assignments of error:

> 1. Appellant's guilty plea must be vacated as it was entered in violation of Crim.R. 11 and not entered knowingly, intelligently and voluntarily where Appellant was not informed of the effect of a plea of guilty prior to entering the plea.

> 2. Trial court erred and abused its discretion when it denied Appellant's pre–sentencing motion to withdraw guilty plea which claimed actual innocence.

## II. Law and Analysis

### A. First Assigned Error for Review

{¶ 12} In his first assigned error for review, Smith alleges that his guilty plea was not entered knowingly, intelligently, and voluntarily since the trial court did not inform him of the effect of his plea, as required by Crim.R. 11(C)(2)(b).

#### 1. Standard of Review

{¶ 13} In determining whether a plea was made knowingly, intelligently, and voluntarily, a reviewing court must examine "the totality of the circumstances through a de novo review." *State v. Nevels,* 2020-Ohio-915, ¶ 19 (8th Dist.), citing *State v. Albright,* 2019-Ohio-1998, ¶ 16 (8th Dist.).

#### 2. Applicable Law

{¶ 14} Prior to accepting a guilty plea for a felony offense, "the trial court must ensure that a defendant enters such plea knowingly, voluntarily, and intelligently." *State v. Corbo,* 2024-Ohio-5484, ¶ 12 (8th Dist.), citing *State v. Holmes,* 2023-Ohio-2585, ¶ 5 (8th Dist.). The trial court does so "by personally

engaging the defendant and determining if the defendant understands the nature of the charges faced, the maximum penalty to be imposed, the effect of the guilty plea, and the constitutional rights being waived by entering a guilty plea." *Corbo* at ¶ 12; Crim.R. 11.

{¶ 15} Crim.R. 11(C)(2) provides that a trial court may not accept a plea of guilty in a felony case without first addressing the defendant personally and (a) determining that they understand the nature of the charges and of the maximum penalty involved, (b) informing them of and determining that they understand the effect of the plea of guilty, and (c) informing them of and determining that they understand constitutional rights they waiving by entering their plea. Crim.R. 11(C)(2)(a)-(c). In reviewing a defendant's plea, the Ohio Supreme Court has advised that our focus is not "whether the trial court has '[incanted] the precise verbiage' of the rule . . . but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *State v. Dangler,* 2020-Ohio-2765, ¶ 12, quoting *State v. Stewart,* 51 Ohio St.2d 86, 92 (1977); *see also State v. Veney,* 2008-Ohio-5200, ¶ 15-16.

{¶ 16} Traditionally, when a criminal defendant seeks to have his conviction reversed on appeal, the defendant "must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13, citing *State v. Perry,* 2004-Ohio-297, ¶ 14-15.

{¶ 17} The traditional rule notwithstanding, when reviewing the validity of a defendant's plea, the Ohio Supreme Court has recognized two instances where a

defendant does not have to demonstrate prejudice. The first exception to the traditional rule occurs when the "trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest[.]" *Dangler* at ¶ 14, citing *State v. Clark,* 2008-Ohio-3748, ¶ 31. Under these circumstances, it is presumed that the plea was not entered into voluntarily or knowingly "and no showing of prejudice is required." *Id.* The second exception to the prejudice requirement occurs when a trial court completely fails to comply with a portion of Crim.R. 11(C).

{¶ 18} In *Dangler,* 2020-Ohio-2765, Ohio Supreme Court recognized that over the years the caselaw in this area had been "muddled . . . suggesting different tiers of compliance with the rule." *Id.* at ¶ 17. As such, the Court clarified its analysis, providing that the questions a reviewing court must answer are

> (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id.* The Court noted that this "should be a fairly straightforward inquiry." *Id.*

### 3. *Dangler* Analysis

### a. Did the Trial Court Comply With Crim.R. 11?

{¶ 19} Under *Dangler,* the first question we must ask is whether the trial court complied with Crim.R. 11(C)(2)(b), which requires that the trial court "[inform] the defendant of and [determine] that the defendant understands the effect of the plea of guilty or no contest . . . ." Crim.R. 11(B)(1) provides that the effect of a "plea of guilty is a complete admission of the defendant's guilt."

{¶ 20} At the plea hearing, the trial court did not explicitly advise Smith that his plea of guilty would be a complete admission of guilt. The court did, however, read the amended charge of endangering children to which Smith would be pleading guilty. Smith asserted that he understood that count as it had been amended. The court also asked Smith if he had a complete understanding of all the rights he would be giving up by entering a plea of guilty and whether Smith understood what he would be pleading guilty to. Again, Smith responded affirmatively. As a result, the trial court found that Smith understood "the nature of [the] charge, effect of [his] plea, and the maximum sentence which may be imposed." While the court determined that Smith understood the effect of his guilty plea, we agree that the trial court did not explicitly inform him that the effect of his guilty plea was a complete admission of guilt.

### b. Does the Trial Court's Failure to Explicitly Advise Smith That His Plea of Guilty Would Be a Complete Admission of Guilt Excuse Smith From Having to Demonstrate Prejudice?

{¶ 21} Since we have determined the trial court did not fully comply with the rule, the second question under *Dangler,* 2020-Ohio-2765, is whether the purported failure of this type is one that excuses a defendant from the burden of demonstrating prejudice; i.e. did the trial court fail to advise the defendant that a plea of guilty raises certain constitutional right, or did the trial court *completely fail* to comply with another portion of Crim.R. 11?

{¶ 22} The Ohio Supreme Court has held that "a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he

has completely admitted his guilt." *State v. Griggs,* 2004-Ohio-4415, ¶ 19. And while *Griggs* was decided prior to the Court's decision in *Dangler,* we have recognized that *Dangler* did not overrule *Griggs* and "it remains good law on the issue of a defendant's subjective understanding of the effect of a guilty plea." *State v. Fontanez,* 2024-Ohio-4579, ¶ 15 (8th Dist.). As a result, since *Dangler,* we have held that "where a trial court does not explicitly state that a guilty plea constitutes a complete admission of guilt during a Crim.R. 11 colloquy but the court otherwise complies with the rule and the defendant does not assert actual innocence, we may presume that the defendant understood that his guilty plea was a complete admission of guilt." *Fontanez* at ¶ 20.

{¶ 23} In coming to this conclusion, we explained, "Unlike a plea of 'no contest,' a legal term that carries consequences that are not readily apparent to an ordinary person without further explanation, the meaning of a guilty plea is self-evident. The term 'guilty' is a plain and commonly used word in the English language." *Id.* at ¶ 13. And similar to the *Fontanez* case, the plain and ordinary meaning of the word "guilty" is also apparent from the plea colloquy itself. *Id.* at ¶ 14.

{¶ 24} Smith attempts to distinguish *Fontanez* from the instant case. Smith claims that unlike *Fontanez,* he never got to hear the factual basis for the offense to which he pled guilty. However, prior to accepting his plea, the trial court advised Smith that the offense to which he would be pleading guilty had been amended to endangering children. The court further explained the amended count:

THE COURT:  It would allege that you, Dominik Smith, on or about August 1st of 2022 through August 31st of 2022, and who is — you who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under the age of 18, or a child with the mental or physical disability under 21 years of age, you did create a substantial risk to the health or safety of the child by violating a duty of care, protection, or support.

[SMITH]:  Yes.

{¶ 25} After the trial court concluded its Crim.R. 11 colloquy, the trial court asked Smith:

THE COURT: So, Mr. Smith, how do you plea then to Count One as amended, now a charge of endangering children, that's a felony of the fourth degree, sir, guilty or not guilty?

[SMITH]:  Guilty.

{¶ 26} That Smith knowingly admitted that he committed the acts set forth in the indictment and read by the trial court is clear.  As explained in *Fontanez,* common sense dictates that Smith understood his guilty plea was an admission of guilt.  *See Fontanez,* 2024-Ohio-4579, at ¶ 14 (8thDist.).  And similar to *Fontanez,* the trial court did not completely fail to communicate the effect of Smith's guilty pleas where the court asked Smith if he committed the act described and to which Smith replied that he was "guilty." *See Fontanez* at ¶ 19.

{¶ 27} Smith further claims that *Fontanez* does not apply because Smith is now raising a claim of "actual innocence."  However, at no point in the plea hearing did Smith indicate that he was actually innocent of this offense.  Rather, Smith did not formally raise this claim of "actual innocence" until he filed his motion to withdraw guilty plea, almost two months after he entered his plea of guilty.  In

*Griggs,* the Ohio Supreme Court explicitly stated that "[a] defendant who has *entered a guilty plea without asserting actual innocence* is presumed to understand that he has completely admitted his guilt." (Emphasis added.) *Griggs,* 2004-Ohio-4414, at syllabus. It is clear that the *Griggs* decision, on which *Fontanez* relied, was referring to an actual innocence claim made at the time of the plea, not months after the plea had been entered. Since Smith did not make a claim of actual innocence at the time that he entered his plea, the trial court was free to presume that Smith understood that his guilty plea was a complete admission of guilt. *See Fontanez* at ¶ 20.

{¶ 28} Therefore, the trial court's failure to explicitly advise Smith of the effect of his guilty plea is not the type of failure that excuses Smith from the burden of demonstrating prejudice.

### c. Has Smith Demonstrated Prejudice?

{¶ 29} Having determined that the trial court's failure to explicitly advise Smith of the effect of his guilty plea is not the type of error that excuses Smith from demonstrating prejudice, we turn to the final question under the *Dangler* analysis and determine whether he met his burden establishing prejudice.

{¶ 30} "The test for prejudice is 'whether the plea would have otherwise been made.'" *Dangler,* 2020-Ohio-2765, at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). The Ohio Supreme Court has explained that "[p]rejudice must be established "'on the face of the record.'"" *Dangler* at ¶ 24, quoting *Hayward v.*

*Summa Health Sys./Akron City Hosp.*, 2014-Ohio-1913, ¶ 26, quoting *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 462 (1999).

{¶ 31} After a thorough review of the record, we determine that there is nothing on the face of the record indicating that Smith would not have entered his plea of guilty had the trial court explicitly advised him as to the effect of his plea. As discussed above, although the trial court did not explicitly advise Smith that a guilty plea constitutes a complete admission of his guilt, the court otherwise complied with Crim.R. 11. And Smith never asserted actual innocence at the plea hearing. As such, we presume that Smith understood that his plea of guilty was a complete admission of guilt to the offense.

{¶ 32} Further, Smith does not even claim to have misunderstood the effect of his pleas. Rather, his attempt to demonstrate prejudice relies on directing us to the statements that K.W. made at the initial sentencing hearing and his subsequent motion to withdraw guilty plea. It is unclear how K.W.'s statements, which occurred well after the plea hearing, retroactively affected his understanding that entering a plea of guilty was a complete admission of guilt. In short, Smith has failed to demonstrate that he otherwise would not have entered a plea of guilty had the trial court explicitly advised him as to the effect of his guilty plea.

{¶ 33} For these reasons, we find that Smith entered his plea knowingly, voluntarily, and intelligently. Accordingly, his first assignment of error is overruled.

## B. Second Assigned Error for Review

{¶ 34} In his second assigned error for review, Smith alleges that the trial court abused its discretion when it denied his presentence motion to withdraw guilty plea.

### 1. Standard of Review and Applicable Law

{¶ 35} Crim.R. 32.1 governs motions to withdraw guilty pleas. It provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 36} Smith filed his motion to withdraw guilty plea prior to sentencing. The Ohio Supreme Court has stated that "'[a] presentence motion to withdraw a guilty plea should be freely and liberally granted.'" *State v. Barnes,* 2022-Ohio-4486, ¶ 13, quoting *State v. Xie,* 62 Ohio St.3d 521, 527 (1992). Nonetheless, a defendant does not have an "absolute right" to withdraw his plea, even if the motion is made prior to sentencing. *Id.* Prior to ruling on the defendant's motion, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea." *Id.* This determination rests solely "within the sound discretion of the trial court." *Id.* "Absent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed." *Id.,* citing *Xie* at 526.

{¶ 37} An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). "We must be mindful that when applying the abuse-of-discretion standard, 'we should not substitute our judgment for that of the trial court.'" *T.C. v. R.B.C.,* 2025-Ohio-1544, ¶ 10 (8th Dist.), quoting *Mills v. Mills,* 2025-Ohio-452, ¶ 28 (8th Dist.).

{¶ 38} This court has long held that a trial court does not abuse its discretion in overruling a motion to withdraw guilty plea

> (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist. 1980), paragraph three of the syllabus.

{¶ 39} In addition to the *Peterseim* factors, this court has also set forth additional factors to consider, including that (1) the motion was made in a reasonable time; (2) the motion stated specific reasons for withdrawal; (3) the record shows that the defendant understood the nature of the charges and possible penalties; and (4) the defendant had evidence of a plausible defense. *State v. Heisa,* 2015-Ohio-2269, ¶ 19 (8th Dist.), citing *State v. Pannell,* 2008-Ohio-956, ¶ 13. This court has also noted that "[a] finding of prejudice to the State is often an important factor justifying a denial of a motion to withdraw a plea of guilty; however, it is not

an absolute prerequisite." *State v. Richter,* 1983 Ohio App. LEXIS 15476 (8th Dist. Sept. 29, 1983).

**2. Analysis**

{¶ 40} Smith was represented by highly competent counsel throughout the proceedings. Prior to entering his plea, as discussed above, the trial court engaged in a plea colloquy pursuant to Crim.R. 11, after which Smith entered his plea knowingly, voluntarily, and intelligently. Smith also understood that by entering a plea of guilty, it was a complete admission of guilt to the offense. Prior to entering his plea, Smith advised the trial court that he was satisfied with the representation of his counsel. The trial court told Smith that his attorney is "a very good lawyer."

{¶ 41} The trial court also held a full hearing on Smith's motion to withdraw guilty plea, where both Smith's attorney and the prosecutor were given an opportunity to address the reasons set forth for Smith's motion to withdraw guilty plea. Smith's attorney argued that Smith wished to withdraw his plea, "assert[ing] a claim of actual innocence after hearing the recantation of at least the mother [K.W.] in court."

{¶ 42} The prosecutor was also given the opportunity to address Smith's motion. The prosecutor directed the trial court to the investigation conducted in response to K.B.'s alleged recantation. The prosecutor stated that a detective spoke to K.B. K.B. confirmed that she never recanted her allegations and that "this did in fact happen." The prosecutor also told the court that he had personally spoken with K.W. and she had told him she was not telling the truth and that her daughter had

not recanted. In its motion to revoke bond, the prosecutor had elaborated, indicating that K.W. had stated the reason she had indicated that K.B. had recanted was because Smith "had come to her workplace and threatened her if she didn't come in and say that it was made up at sentencing."

{¶ 43} The trial court denied Smith's motion to withdraw his plea. Prior to denying Smith's motion, the trial court noted that it had complied with Crim.R. 11 and that Smith had entered into a knowing, voluntary, and intelligent plea. The trial court stated that it had also reviewed the transcripts from the initial sentencing hearing that took place on December 3, 2024. Finally, the trial court noted that at that hearing, Smith never indicated that he wished to withdraw his plea.

{¶ 44} It is within the sound discretion of the trial court to determine whether there is a reasonable and legitimate basis for a defendant to withdraw his plea prior to sentencing. *Barnes,* 2022-Ohio-4486, at ¶ 13. After a thorough review of the record, we do not find that the trial court abused its discretion in denying Smith's presentence motion to withdraw guilty plea.

{¶ 45} Accordingly, Smith's second assignment of error is overruled.

## III. Conclusion

{¶ 46} Smith knowingly, voluntarily, and intelligently entered into his plea of guilty. He also failed to demonstrate that the trial court abused its discretion in denying his presentence motion to withdraw guilty plea. Finding no merit to either of Smith's assignments of error, we affirm the judgment of the trial court.

{¶ 47} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
DEENA R. CALABRESE, J., CONCUR